EDITH W. KNOWLES, Respondent, v. EDMUND J. MISKELA et al., Appellants.— Appeal by defendants from a judgment of the Supreme Court entered in Schuyler County upon an order of said court which confirmed the report of a Referee in an action to recover possession of real property. By deed in 1921 plaintiff and her husband, since deceased, acquired title to lands on the east shore of Seneca Lake. The south line is the south line of Military Lot No. 40 and the north line of Military Lot No. 41. The Referee found that upon going into possession of the premises in 1921, plaintiff and her husband also "took possession and claimed as their own" certain adjoining lands known as the Slaght lot which is supposedly south of the south line of Military Lot No. 40 and comprises or includes the area in dispute. The Referee found that the Slaght lot is bounded on the west by Seneca Lake; on the east by a part of the same stone wall which marks the east line of the premises described in the deed; and on the south by a woven-wire fence which the evidence indicates as running from the stone wall a considerable distance westerly and thence southwesterly along the bank of a ravine and to the shore of the lake. The fence is attached to trees and has become imbedded in at least some of them. In 1941, defendant's Miskela acquired lands to the south of plaintiff's property and they claim the line between Military Lots Nos. 40 and 41 as their northerly line. In 1957, these defendants, apparently in reliance upon a survey made for them in 1956, conveyed to the defendants Kent a lot with a lake frontage of 185 feet lying within the Slaght lot claimed by plaintiff. The principal difficulty in the case is the absence of any determination of the location of the line between Military Lots Nos. 40 and 41. Defendant's surveyors mapped the supposed line as a straight line north of the Slaght lot. The line located by one was within inches of that plotted by the other. The testimony does not seem to locate either line in relation to the straight line K-J which plaintiff's surveyor mapped. Although this surveyor first testified that he had made "a survey of lot line 40–41", he declined to identify his line K-J except as a continuation of the line of a stone wall (east of the premises involved) which seems to have been recognized as, at that point, upon the line between Lots 40 and 41. Defendants' surveyor Crumb found that the wire fence substantially followed the westerly course of the Lots 40–41 line, as located by him, for the greater part of its length but at a point about 800 feet from the lake the fence turned and continued southwesterly. In the absence of satisfactory evidence of the location of the Lots 40–41 line, it cannot be determined whether certain cultivating and many of the other acts of possession found by the Referee were not actually upon the lands to which plaintiff's record title is conceded. The casual and isolated acts which can be shown as performed within the westerly portion of the disputed area seem to us insufficient to sustain the burden of proof of adverse possession of lands "usually cultivated or improved". (Civ. Prac. Act, § 40, subd. 2.) The proof was, however, sufficient to establish that the premises had been "protected by a substantial inclosure" (Civ. Prac. Act, § 40, subd. 1), commencing prior to 1921 and continuing for many years in excess of the statutory period, and thus to warrant the Referee's finding of adverse possession and the consequent determination of title. The wire fence seems to have been substantial and to have been kept in repair, during the critical period at least. The stone wall was on the east. The lake is on the west, while on the north the parcel abuts other lands of the claimed adverse occupant, and these factors satisfy the statute (1

Warren's Weed, New York Real Property, p. 170, §§ 6.02, 6.03 and cases cited). In view of our conclusion as to adverse possession, we do not determine whether, as respondent urges, the evidence as to the fence is also such as to bring the case within the rule "which forbids the disturbance of a practical location which has been acquiesced in for a long series of years" (*Baldwin* v. *Brown,* 16 N. Y. 359, 362). One conveyance by plaintiff and her husband is urged as at variance with plaintiff's present claim and, on the other hand, a title transaction of defendants Miskela is said to evidence an admission against interest but neither seems to us of compelling probative force. Appellants contend, also, that the description of the parcel as embodied in the judgment is so indefinite as to be legally insufficient and it is perhaps anomalous to define the northerly boundry as Military Lot No. 40 when the line of that lot remains undetermined; but since plaintiff's record title extends to that line, wherever it may be, the effect of the description is merely to bound the parcel on the north by the property conveyed to, and now owned by plaintiff. Thus if the actual location of a line now wholly within the clearly fixed exterior boundaries of plaintiff's lands remains of any significance, which seems unlikely, plaintiff alone is concerned. Judgment unanimously affirmed, without costs. Settle order. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.