■ STAUFFER CHEMICAL COMPANY, Appellant-Respondent, v. LUIGI COSTANTINI et al., Respondents-Appellants.— In an action to compel the removal of encroachments on real property, (1) plaintiff appeals, as limited by its notice of appeal and its brief, from so much of a judgment of the Supreme Court, Westchester County, dated December 4, 1967, as adjudged that defendants had established their claim of adverse possession to two portions of a parcel of land described in the judgment as "Lot 47" and (2) defendants cross-appeal from so much of the judgment as adjudged that they had not established their claim of adverse possession to another portion of the same parcel, upon which portion they had erected a patio. Judgment modified, on the law and the facts, (1) by striking therefrom all decretal provisions which adjudged that defendants had established their claim of adverse possession to said two portions of "Lot 47" and by substituting therefor a provision that defendants failed to establish their claim of adverse possession to said two portions of "Lot 47" and (2) by adding thereto a provision adjudging that plaintiff is not entitled to the removal of any encroachments on "Lot 47", but is entitled to money damages in lieu thereof. As so modified, judgment affirmed insofar as appealed from, without costs. Since June 22, 1946 defendants have been the owners of a piece of realty referred to at the trial as lot 46. Prior to their ownership, defendants had been in possession of that parcel since April 15, 1931, as tenants. Plaintiff is the record owner of property bounding defendants' property on three sides, namely, lot 47 to the south, lot 19 to the west and lot 45 to the north. Plaintiff claimed encroachments on all three of its lots. As to lots 45 and 19, the trial court held that defendants had established adverse possession

of the area of the encroachments. This determination has not been appealed from. However, the decision of the trial court was founded on evidence that the land in question had been cultivated and that fencing and shrubbery on plaintiff's three lots had enclosed a parcel including lot 46. With respect to lot 47 there was evidence that in 1949 the defendant husband had requested of plaintiff's employee in charge that he be allowed to build a patio extending beyond the line separating lot 47 and lot 46. On the basis of the foregoing, the trial court held that defendants had not established their claim of adverse possession to that area of lot 47 upon which they subsequently built a patio. In our opinion, it was error for the trial court to hold that defendants' acknowledgement of plaintiff's ownership in the land to the south of lot 46 extended only to that area upon which they erected a patio. It is inconceivable that, in requesting permission to build the patio on land to the south of lot 46, defendants were merely acknowledging plaintiff's ownership to that land upon which they chose to erect the patio. To so hold would create an anomalous situation whereby defendants' claim to a portion of lot 47 would diminish as the patio grew larger. The only consistent finding is that, once defendants acknowledged ownership of plaintiff of the land south of lot 46, they acknowledged ownership of plaintiff to all of lot 47. Although it is true that title to land once vested in an adverse possessor cannot be divested by the adverse possessor's acknowledgment of title in another, it is equally true that, in order to establish title by adverse possession, it must be shown that possession was hostile and under a claim of right (*Belotti* v. *Bickhardt*, 228 N. Y. 296). Having admitted ownership by plaintiff of lot 47, defendants conclusively established that at no time prior thereto was their possession hostile or under a claim of right. Thus, we do not decide whether the statutory period for the claiming of title by adverse possession included that period during which defendants were tenants. We reject the defendant wife's contention that her husband's acknowledgement of title in plaintiff did not constitute proof that her use of plaintiff's property was not hostile. No claim was made in defendants' answer or asserted at trial that the defendant wife's adverse use was separate and apart from that of her husband. Rabin, P. J., Hopkins, Munder, Martuscello and Brennan, JJ., concur.