■ LILLIAN C. POST, Respondent, v. HAROLD K. IRONS et al., Appellants.— Appeal from a judgment of the County Court of Otsego County, entered January 24, 1973, in favor of plaintiff, upon a decision of the court at a Trial Term, without a jury. This is an action by plaintiff, pursuant to article 15 of the Real Property Actions and Proceedings Law, to determine conflicting claims to a strip of real property in the City of Oneonta to which plaintiff claims title by adverse possession, not based upon a written instrument, since 1947. The strip in question lies south of and directly adjoins premises held in fee by plaintiff, and is included in the description in a certain deed executed to the defendants on September 15, 1970. Plaintiff claims possession apparently resulting from overlapping descriptions in deeds to the predecessors in title of each of the parties. Plaintiff's predecessors, James and Helena Mead, first took title to the property adjoining the strip in 1937, at which time the presence of a fence along the south side of the strip and a survey report, led them to believe that they had title to the strip. The Meads continued in peaceable possession of the strip, and apparently devoted it to various uses and erected certain small structures thereon, until plaintiff and her now deceased husband took title to the adjoining lot by conveyance in 1947. Plaintiff and her husband owned said lot continuously since 1947, and plaintiff testified that the strip has been used for garbage storage and tool storage, that part of it has been used as a garden, that a doghouse has been located thereon, that an additional fence had been constructed across one end of the strip to keep out trespassers, and that access to the strip was available only from plaintiff's lot until defendants attempted to repossess it in 1971. In our view, these facts more than adequately demonstrate that the strip "has been usually cultivated or improved" or that it "has been protected by a substantial inclosure" so as to constitute an adverse possession within section 522 of the Real Property Actions and Proceedings Law (see, e.g., *Knowles* v. *Miskela*, 11 A D 2d 589), and the trial court had sufficient basis for finding plaintiff's possession to have been hostile and under claim of right, actual, open and notorious, and continuous for at least the period of 15 years then required by statute. Defendants attempted to show that plaintiff's possession was by permission, offering alleged conversations in which plaintiff had purportedly made certain statements inconsistent with her claim of hostile possession under claim of right, but plaintiff categorically denied having made such statements, thus presenting a question of credibility which was resolved by the trial court in plaintiff's favor. Judgment affirmed, without costs. Herlihy, P. J., Greenblott, Cooke, Sweeney and Main, JJ., concur.

■

## (March 22, 1974)

■ In the Matter of HAROLD J. STICKLES, as Town Justice of the Town of Sullivan, Madison County, Petitioner.— Application for an order pursuant to section 89 of the Judiciary Law directing the destruction of certain records granted. Herlihy, P. J., Staley, Jr., Greenblott, Kane and Main, JJ., concur.