■ FRANCIS A. CAMPANO et al., Respondents, v MARY A. SCHERER, Also Known as MARY SCHWARZ, Appellant, et al., Defendant.—Appeal from a judgment of the Supreme Court, entered September 27, 1974, in Washington County, upon a decision of the court at a Trial Term, without a jury. This is an action by plaintiffs, pursuant to article 15 of the Real Property Actions and Proceedings Law, to quiet title to 0.12 acre of land, on the south shore of Lake George in an area known as "Echo Bay", described in a deed held by plaintiffs but utilized for a period of time by defendants and their predecessors, owners of adjoining property. Defendants counterclaim for a declaration that they have become owners of the strip of land by adverse possession. The principal issue is whether the defendants have proved the requisite use and possession of the land in question for the statutory 15-year period (Reiter v Landon Homes, 31 AD2d 538, mot for lv to app den 24 NY2d 738). The trial court decided that, except for a corner of defendants' dwelling house which had encroached upon plaintiffs' property for longer than 15 years, the defendants did not have use and occupancy of the strip of land for the statutory period sufficient to extinguish plaintiffs' title and create new title in defendants. Defendant Mary Schwarz acquired her Echo Bay property from Helen A. Erwin by deed dated December 2, 1952. At the time she was unmarried, but because of her impending marriage to defendant Edward Schwarz the deed was drawn to her and her future husband as joint tenants. Plaintiffs acquired their adjoining premises from Hazel Schumann by deed dated October 31, 1967. Although this action was commenced on September 12, 1970, it is clear that defendants' possession was not adverse subsequent to 1967. Prior to the acquisition by plaintiffs of their property, a survey conducted by their grantor revealed that the strip of land

in question was included in her title. Plaintiffs testified that after obtaining title they discussed the survey and boundary discrepancy with both defendants, assuring them they could continue to use the land in question. Mr. Schwarz testified as to his acknowledgment of plaintiffs' ownership of the land in question as the result of the 1967 survey. According to his testimony, as well as that of plaintiffs, the parties even went as far as preparing a sale agreement sometime after 1967 for a portion of the disputed property. The agreement was not executed. The seeking of or recognition by an adverse claimant of the consent of the record owner for the use of his property negates such hostile use or possession as would ripen into title (2 NY Jur, Adverse Possession, § 12). An offer made by one in possession without title during the statutory period to purchase from the record owner is a recognition of the true owner's title and prevents adverse possession from accruing (1 Warren's Weed, NY Real Property, Adverse Possession, § 19.01; *Kratter v Becker,* 218 NYS2d 277). Although Mary Schwarz, the sole appellant herein, contends that she did not learn of the 1967 survey until 1970, this claim of ignorance is contradicted by the testimony of plaintiffs and of Edward Schwarz. Additionally, until their separation in 1969, there is no showing that the use by Mary Schwarz of the strip in question was separate from that of her husband. Under these circumstances Edward Schwarz's acknowledgment of title in plaintiffs was binding upon his wife *(Stauffer Chem. Co. v Constantini,* 38 AD2d 863). The question therefore presented is whether defendants possessed the land in question for 15 years prior to 1967 in a manner sufficiently hostile, actual, open and notorious, exclusive and continuous to constitute adverse possession creating title in them (see *Belotti v Bickhardt,* 228 NY 296). Because the defendants' claim of title is not based upon a written instrument, judgment or decree, for the land to have been adversely possessed it must have been "usually cultivated or improved" or "protected by a substantial inclosure" (Real Property Actions and Proceedings Law, § 522). As of the time defendants acquired their property in 1952, other than the encroachment of the house, Mary Schwarz testified to such improvements within the disputed area by her predecessors as some clearing and filling, the use and maintenance of a picnic table, a clothesline, an outhouse and an unpaved parking area. Subsequently, more substantial improvements to the area were made by defendants, including the installation of a septic tank in 1953, the construction of a tool shed addition to the outhouse in 1954 or 1955, the installation of an electric box and running of wiring in 1955 and, most significantly, more extensive filling and the planting of a lawn, which the trial court found to have begun in 1956 or 1957. We conclude from our examination of the record that the improvements made by defendants and their predecessors to the subject premises were insufficient to constitute adverse possession for a 15-year period prior to 1967, after which their use of the property was under a recognition of plaintiffs' title and pursuant to plaintiffs' consent. We find it significant that there were minimal improvements as of 1952 and, of these, defendants did not testify as to the exact location of either the picnic table or clothesline. The other improvements existing in 1952 and added in the following two or three years were relatively insubstantial, with the major landfill and emplacing of a lawn, as found by the trial court, not commencing until 1956 or 1957. There is no indication of the building of a fence on the strip by defendants until 1970 (cf. *Post v Irons,* 44 AD2d 630; *Knowles v Miskela,* 11 AD2d 589). We agree with the trial court that the defendants proved their claim of adverse possession of the portion of the premises in question which is encroached upon by defendants' said

building. We find the argument of defendant Mary Schwarz, raised for the first time on this appeal, that a practical boundary line was established between the properties of the parties, to be without merit in view of her failure to establish definite knowledge of the location of the alleged boundary (6 NY Jur, Boundaries, § 77). Although we are in basic agreement with the conclusion of the trial court as to the respective rights of the parties, the judgment must be modified to reflect the legal rights of defendants concerning that portion of the disputed premises for which the claim of adverse possession has been sustained. Judgment modified, on the law and the facts, to the extent that plaintiffs are adjudged to be the sole owners in fee simple absolute of all the premises described in their deed, excepting the portion thereof which is actually encroached upon by defendants' dwelling and to the extent that defendants are adjudged to be the sole owners in fee of that portion of plaintiffs' property which is actually encroached upon by defendants' dwelling and the portion of the walkway around defendants' dwelling located upon the property described in plaintiffs' deed, and, as so modified, affirmed, with costs. Greenblott, J. P., Sweeney, Kane, Larkin and Reynolds, JJ. concur.