■ MANHATTAN SCHOOL OF MUSIC et al., Respondents, v SHELDON H. SOLOW, Appellant.—In an action for ejectment from real property and ancillary relief, the defendant appeals, as limited by his brief, (1) from an order and judgment (one paper) of the Supreme Court, Suffolk County (Namm, J.), dated October 2, 1989, which granted the plaintiffs' motion for partial summary judgment, determined the boundary line between the parties' adjoining properties, dismissed his counterclaim to establish title by adverse possession of certain portions thereof, directed him to remove certain encroaching structures and plantings located thereon, and ordered him to deliver possession and control thereof to the plaintiffs, and (2), as limited by his brief, from so much of an order of the same court (Namm, J.), entered January 10, 1990, as denied that branch of his motion which was to recuse Justice Namm from presiding over any further proceedings in connection with the action.

Ordered that the order and judgment dated October 2, 1989, is affirmed; and it is further,

Ordered that the order entered January 10, 1990, is affirmed insofar as appealed from; and it is further,

Ordered that the respondents are awarded one bill of costs.

The plaintiffs Irving Liebman and the Manhattan School of Music commenced an action for ejectment in January 1983 against the appellant. The plaintiffs sought to compel the appellant to remove certain structures which encroached on their property, including a stockade fence, a wire fence, an outdoor shower, and a wooden stairway. In addition, the plaintiffs sought to recover damages for trespass, a declaration

that the boundary between the properties was accurately represented by a map and descriptions set forth in various deeds, and a declaration that a right of way in the appellant's deed is limited to a foot path. By amended answer, the appellant asserted that he had erected and maintained the aforementioned structures under claim of right and interposed a counterclaim alleging that he acquired title to the disputed property by adverse possession.

In 1983 the plaintiffs moved for summary judgment, which motion was denied by Justice Doyle on the ground that there were triable issues of fact as to whether the appellant adversely possessed the disputed property for the 10-year statutory period. Thereafter, Justice Orgera was assigned to the case under the individual assignment system. After five years of further discovery, the plaintiffs brought a second motion for summary judgment. When Justice Orgera left the bench in December 1988, Justice Namm was assigned to the case. Although the appellant requested that the plaintiffs' second motion for summary judgment be referred to Justice Doyle, Justice Namm found this to be unnecessary, and granted the plaintiffs' motion for summary judgment. We affirm.

Under RPAPL 522, a party seeking to obtain title by adverse possession on a claim not based upon a written instrument must show that the parcel was either "usually cultivated or improved" (RPAPL 522 [1]) or "protected by a substantial enclosure" (RPAPL 522 [2]; *see, City of Tonawanda v Ellicott Cr. Homeowners Assn.,* 86 AD2d 118; *see also, Birnbaum v Brody,* 156 AD2d 408). In addition, a party must satisfy the common-law requirement of demonstrating that the possession of the parcel was hostile, under claim of right, open and notorious, exclusive, and continuous for a period of 10 years or more *(see, City of Tonawanda v Ellicott Cr. Homeowners Assn., supra; Franzen v Cassarino,* 159 AD2d 950; *Woodrow v Sisson,* 154 AD2d 829; *Campano v Scherer,* 49 AD2d 642).

By letter dated April 13, 1981, the appellant wrote the Manhattan School of Music offering to purchase the property in dispute. An offer made by one in possession without title to purchase from the record owner during the statutory period is a recognition of the record owner's title and prevents adverse possession from accruing *(see, Campano v Scherer, supra,* at 643; *Stauffer Chem. Co. v Costantini,* 38 AD2d 863). Having acknowledged the School's legal title to the disputed property on April 13, 1981, the appellant was required to set forth sufficient proof to raise triable issues of fact concerning his

adverse possession of the disputed property for 10 years prior to April 13, 1981.

The disputed property in this case consists of a "pine grove", a dense growth of pine trees located in the northeastern corner of the plaintiffs' property, and an "improved strip", a narrow strip of land contiguous to the appellant's backyard which has been improved with shrubs, trees, a lawn, fencing, electrical outlets, and a jungle gym. Although the "improved strip" of property has been undeniably cultivated and improved, only minimal amounts of this work were performed beginning on April 13, 1971. The appellant presented evidence that his sister performed unspecified work prior to Memorial Day of 1971, that his sister went onto the improved strip to remove trees and prune trees starting in 1970, that his sister witnessed the clearing, filling, and planting of sod south of her brother's record boundary line from 1969 to 1971, and that an outdoor shower was present on the property by 1971. Given the nature of the property, the limited work performed beginning on or before April 13, 1971, is insufficient to constitute the "usual cultivation and improvement" necessary to support the appellant's claim of adverse possession (see, City of Tonawanda v Ellicott Cr. Homeowners Assn., 86 AD2d 118, supra; Franzen v Cassarino, 159 AD2d 950, supra; Woodrow v Sisson, 154 AD2d 829, supra; Campano v Scherer, 49 AD2d 642, supra; Shinnecock Hills & Peconic Bay Realty Co. v Aldrich, 132 App Div 118, affd 200 NY 533; Ramapo Mfg. Co. v Mapes, 216 NY 362). Nor has the appellant presented sufficient proof of the "usual cultivation and improvement" of the "pine grove". This parcel remains a dense grove of pine trees. The appellant's conclusory and nonspecific allegations as to his purported cultivation and improvement of the disputed property beginning on April 13, 1971, are insufficient to defeat the plaintiffs' motion for summary judgment (see, Boumis v Caetano, 140 AD2d 401; City of Tonawanda v Ellicott Cr. Homeowners Assn., supra, at 123).

Upon examining the record, we find that Justice Namm's refusal to transfer the case to Justice Doyle did not constitute error (see, Billings v Berkshire Mut. Ins. Co., 133 AD2d 919; Vardy Holding Co. v Metric Resales, 131 AD2d 564; Ministry of Christ Church v Mallia, 129 AD2d 922; Dalrymple v King Community Health Center, 127 AD2d 69).

Further, we find that Justice Namm did not err in refusing to recuse himself. Upon learning of the substitution of new counsel for the appellant, Justice Namm considered recusing himself from the case due to a brief social acquaintance with a

partner at that law firm. Upon further reflection, however, Justice Namm concluded that recusal was unwarranted and that he could serve with complete impartiality. Since recusal is not statutorily required because of consanguinity, financial interest or the like, the matter of recusal was appropriately left to the personal conscience of Justice Namm (see, People v Reid, 140 AD2d 641; People v Bartolomeo, 126 AD2d 375; Poli v Gara, 117 AD2d 786). The appellant has failed to set forth any demonstrable proof of bias to warrant the conclusion that Justice Namm's refusal to recuse himself was an improvident exercise of discretion (see, People v Bartolomeo, supra; People v Diaz, 130 Misc 2d 1024).

We have considered the appellant's remaining contentions and find them to be without merit. Thompson, J. P., Kunzeman, Lawrence and Balletta, JJ., concur.