■ CONCETTA GUARIGLIA et al., Appellants, v BLIMA HOMES, INC., Respondent, et al., Defendants. [637 NYS2d 769] —In an action, *inter alia,* pursuant to RPAPL article 15 to determine title to real property, the plaintiffs appeal from an order of the Supreme Court, Kings County (Feinberg, J.), dated July 28, 1994, which granted the motion of the defendant Blima Homes, Inc., for summary judgment dismissing the complaint insofar as it is asserted against it, and denied their cross motion for partial summary judgment on their third cause of action.

Ordered that the order is affirmed, with costs.

In this action pursuant to RPAPL article 15, and to recover damages based upon, *inter alia,* breach of contract and fraud, the plaintiffs Concetta Guariglia and her son, Anthony Guariglia (hereinafter the plaintiffs), moved for summary judgment on their third cause of action, awarding them title to land owned by the defendant Blima Homes, Inc. (hereinafter Blima), by adverse possession. The plaintiffs contend that a fence was erected and maintained enclosing the area of Blima's land for more than 70 years. The plaintiffs further contend that beginning in January 1977, when they purchased the adjoining parcel, they have used and cultivated the disputed area as a vegetable garden and walkway. Therefore, they argue, title vested in them by adverse possession.

The court granted Blima's motion for summary judgment dismissing the third cause of action to declare the plaintiffs the owners of the area by adverse possession on the ground that the plaintiffs had obtained possession of the land with the permission of the prior owner, and based upon the plaintiffs' admission that they never repudiated or renounced the rights of the title owner. We now affirm.

Once the movant demonstrates a prima facie showing of entitlement to judgment as a matter of law, the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action *(see, Zuckerman v City of New York,* 49 NY2d 557, 562; *Alvarez v Prospect Hosp.,* 68 NY2d 320, 324).

To establish title by adverse possession a party must demonstrate that the possession was hostile and under a claim of right, actual, open, notorious, and exclusive, and it must have been continuous for the statutory period *(see, Brand v Prince,* 35 NY2d 634; *Manhattan School of Music v Solow,* 175 AD2d 106).

Where such possession or occupation is under claim of title, not written, the claimed land must be either "usually cultivated

or improved" or "protected by a substantial inclosure" (RPAPL 522). However, an acknowledgement during the statutory 10-year period by one claiming to have acquired title that actual ownership of the property rested in the titled owner, negates the essential element of a claim of right throughout the required statutory period and defeats any claim of adverse possession (see, Van Gorder v Masterplanned, Inc., 78 NY2d 1106; Manhattan School of Music v Solow, supra [when one is without title, offer to purchase from record owner is a recognition of record owner's title and prevents adverse possession from accruing]; Stauffer Chem. Co. v Costantini, 38 AD2d 863 [party claiming adverse possession who requests permission of title owners to build on part of a disputed parcel interrupts the accrual of the statutory period]).

Here the record demonstrates that in 1977 the plaintiffs expressed a desire to purchase the neighboring parcel which contained the disputed strip of land, and that in 1982 the plaintiff Concetta Guariglia executed a contract with the defendant Carmelo Bertuna regarding the purchase of the parcel at auction. Moreover, the contract between Concetta Guariglia and Carmelo Bertuna included a provision that although title to the parcel would be under the name of only Carmelo Bertuna for a period of two years (at which time the contested strip would be transferred to Concetta Guariglia) the plaintiffs had permission to enter upon and to use the contested strip of land during that time.

Accordingly, the plaintiffs' proof is insufficient to sustain a prima facie case that their possession was hostile and under a claim of right to establish title by adverse possession. Bracken, J. P., Altman, Hart and Goldstein, JJ., concur.