■ RICHARD C. DITTMER, Appellant, v JACWIN FARMS, INCORPORATED, Defendant, and SEBASTIAN R. SIPALO, Respondent. [637 NYS2d 785] —In an action, *inter alia,* to recover damages for waste, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Underwood, J.), dated August 3, 1994, which, after a nonjury trial, dismissed the complaint and is in favor of the defendant Sebastian R. Sipalo and against him on Sebastian R. Sipalo's counterclaim for adverse possession.

Ordered that the judgment is reversed, on the law, with costs, the complaint is reinstated, the counterclaim is dismissed, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings on the complaint.

It is well settled that, in order for a party to obtain title to a parcel by adverse possession, the party must establish by clear and convincing evidence the common-law requirement that his or her possession of the parcel is hostile, under a claim of right, actual, open, notorious, exclusive, and continuous for a period of 10 years or more (see, Brand v Prince, 35 NY2d 634; Manhattan School of Music v Solow, 175 AD2d 106). If the party who claims to have acquired title to the parcel by adverse possession acknowledges during the 10-year period that actual ownership of the property rests in the titled owner, the possession of the parcel is not under a claim of right, and any claim of adverse possession is defeated (see, Van Gorder v Masterplanned, Inc., 78 NY2d 1106; Manhattan School of Music v Solow, supra; Stauffer Chemical Co. v Costantini, 38 AD2d 863).

In this case, the instrument that transferred an interest in an adjoining piece of real property to the defendant Sebastian R. Sipalo specifically excluded the parcel in question. This exclusion is not a mere silence about the parcel or a failure to include it in the description of metes and bounds. The exclusion establishes that Sipalo's possession of the parcel was not under a claim of right and defeats Sipalo's contention that he acquired title to the parcel by adverse possession. Accordingly, we remit the matter to Supreme Court, Suffolk County, for further proceedings on the complaint. Rosenblatt, J. P., Hart, Krausman and Goldstein, JJ., concur.