■ SHELDON H. SOLOW, Appellant, v IRVING LIEBMAN, Respondent. [677 NYS2d 622] —In an action to establish title to certain real property by adverse possession, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Floyd, J.), dated June 11, 1997, which granted the defendant's motion for summary judgment dismissing the amended verified complaint.

Ordered that the order is affirmed, with costs.

In 1968, the Manhattan School of Music (hereinafter the School), not a party to the instant action, sold a portion of its property to the plaintiff and, in 1984, sold the last remaining portion of its property comprising 2.98 acres, to the defendant.

In an earlier ejectment action commenced prior to the closing of the sale to the defendant, both the School and the defendant successfully sought to have the plaintiff remove encroachments from a certain area of land known as the "pine grove". They further sought a declaration that the boundary line between the 2.98 acres of property and the plaintiff's adjacent property was accurately depicted in a certain survey map. The Supreme Court granted summary judgment to the School and the defendant and declared that the boundary line was accurately depicted in the School's survey map. That determination was affirmed by this Court (see, *Manhattan School of Music v Solow*, 175 AD2d 106).

The instant action concerns the plaintiff's claim to title by adverse possession of a small crescent-shaped piece of land located where the northern end of the defendant's land meets the southern end of the plaintiff's property.

It is clear that this crescent-shaped parcel is embraced by the 2.98 acres of land belonging to the defendant, as depicted on the same survey map relied upon by the Supreme Court in the prior action determining the boundary between the parties' properties. Thus, contrary to the plaintiff's contention, his current claim that he acquired title to the crescent-shaped parcel by adverse possession is barred by the doctrines of res judicata and collateral estoppel (see, *O'Brien v City of Syracuse*, 54 NY2d 353, 357; *Cornwall Warehousing v Town of New Windsor*, 238 AD2d 370; *Coliseum Towers Assocs. v County of Nassau*, 217 AD2d 387, 390).

In any event, we note that within the ten-year statutory period prior to the commencement of the instant action in 1989, the plaintiff, by letter dated April 13, 1981, offered to purchase the subject property from the School thereby acknowledging that actual ownership of the entire 2.98 acres rested in the School, the then-titled owner. Such an acknowledgment defeats the plaintiff's claim of adverse possession (see, *Van Gorder v Masterplanned, Inc.*, 78 NY2d 1106; *Dittmer v Jacwin Farms*, 224 AD2d 477, 478; *Guariglia v Blima Homes*, 224 AD2d 388, affd 89 NY2d 851; *Manhattan School of Music v Solow, supra*).

The plaintiff's remaining contentions are without merit. Bracken, J. P., Thompson, Sullivan and Pizzuto, JJ., concur.