■ Nicholas Giannone et al., Appellants, v Trotwood Corporation et al., Respondents. [698 NYS2d 698] —In an action pursuant to RPAPL article 15 to compel the determination of claims to real property, the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Queens County (Schmidt, J.), entered July 8, 1998, which denied their motion for summary judgment, granted the separate cross motions of the defendants Trotwood Corporation and M.O. Associates, L.P., and the defendant Queens West Development Corporation for summary judgment dismissing the complaint insofar as asserted against them, and dismissed the complaint.

Ordered that the order and judgment is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

A party seeking summary judgment " 'must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any

material issues of fact' " (*Ayotte v Gervasio,* 81 NY2d 1062, 1063; *Alvarez v Prospect Hosp.,* 68 NY2d 320, 324). A prima facie showing shifts the burden to the opposing party to produce evidentiary proof in admissible form sufficient to establish the existence of material questions of fact (*see, Alvarez v Prospect Hosp., supra*).

A party seeking to obtain title by adverse possession on a claim not based upon a written instrument must produce evidence that the subject premises were either "usually cultivated or improved" or "protected by a substantial inclosure" (RPAPL 522 [1], [2]). That party must also establish, by clear and convincing evidence, the common-law requirements of hostile possession, under a claim of right, which was actual, open and notorious, and exclusive, and continuous for the statutory period (*see, Brand v Prince,* 35 NY2d 634; *Manhattan School of Music v Solow,* 175 AD2d 106). The plaintiffs' proof was insufficient to meet this standard.

The plaintiffs contend that they acquired title by adverse possession to two sections of land (hereinafter Sections 1 and 2) owned of record by M.O. Associates, L.P., and another section of land (hereinafter Section 3) owned of record by Queens West Development Corporation.

With respect to Sections 1 and 2, the proof that the plaintiffs allowed their tenants to use the disputed property, and that the plaintiffs cut grass and kept the disputed area manageable, is insufficient to establish adverse possession by usual cultivation or improvement (*see, Yamin v Daly,* 205 AD2d 870; *Manhattan School of Music v Solow, supra*). The plaintiffs' unsupported claim that the disputed area was fenced in some fashion is likewise insufficient to establish adverse possession by a "substantial inclosure" (RPAPL 522 [2]).

As to Section 3, the plaintiffs acknowledge that they knew from the time they purchased their property that it was bordered by 50th Avenue and that Section 3 was south of 50th Avenue. The plaintiffs failed to show the existence of a factual question regarding the basis of their claim to Section 3, and in the absence of a valid claim of right, the mere possession of land gives no title (*see, Soukup v Nardone,* 212 AD2d 772).

Accordingly, the defendants were entitled to summary judgment. S. Miller, J. P., Sullivan, Krausman and H. Miller, JJ., concur.