■ ELLER MEDIA COMPANY, Respondent, v BRUCKNER OUTDOOR SIGNS, INC., Appellant, and NATIONAL LAND AND BUILDING CORPORATION, Respondent. [753 NYS2d 28] —Order, Supreme Court, Bronx County (Janice Bowman, J.), entered October 18,

2001, which, inter alia, granted the cross motion of defendant National Land and Building Corporation for summary judgment declaring it to be the owner of the disputed lot (i.e., the Lot 44 Extension) by adverse possession and dismissing defendant Bruckner Outdoor Signs, Inc.'s cross claim, and granted plaintiff's cross motion to the extent of awarding it summary judgment on its first, third and fourth causes of action and dismissing Bruckner's counterclaim, unanimously affirmed, with costs.

The proof established that National's tenant constructed a billboard on the disputed lot and surrounded the billboard with a chain-link fence. The proof also demonstrated with the requisite force that the billboard generated advertising revenues and, in so doing, increased the value of the land upon which it was placed. The statutory requirements for National's claim of ownership of the disputed lot predicated on adverse possession were thus met (*see* RPAPL 522).

National also satisfied the common-law criteria for adverse possession since its use of the disputed lot was hostile, open and notorious, exclusive and continuous for more than the 10-year statutory period (*see Belotti v Bickhardt*, 228 NY 296, 302; *and see* CPLR 212 [a]). The billboard, which stood 60 feet above ground, and the six-foot high chain link fence were erected by National's tenant between 1980 and 1982, and the tenant continued to use the billboard and pay National for that use until 1997 when the tenant transferred ownership of the billboard to another company. The actions of National's tenants, from 1980 to the present, establish continuous and uninterrupted use of the subject lot for the statutory period.

The motion court correctly concluded that the disputed lot was not held by the City of New York for a public purpose, and was therefore not immune to National's adverse possession claim. The City acquired the property in foreclosure in 1957, and the presumption of public use created by Administrative Code of the City of New York § 11-420 ceased in 1960. Since the City continued to hold the property until 2000, without designating it for public use, municipal ownership did not bar National from establishing its right to title based upon proof that it adversely possessed the subject lot for at least 10 years (*see Casini v Sea Gate Assn.,* 262 AD2d 593, 594-595). Concur— Tom, J.P., Sullivan, Rosenberger and Friedman, JJ.