In an action, inter alia, pursuant to RPAPL article 15 to compel the determination of claims to real property, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Agate, J.), dated January 2, 2008, which granted the defendant’s motion for summary judgment dismissing the complaint and for summary judgment on its counterclaim, among other things, for a judgment declaring that it is the lawful owner of the property, and declared, in effect, that the defendant is the lawful owner of the property.
Ordered that the order and judgment is affirmed, with costs.
In November 1981 the plaintiff Nissan Realty Co., LLC (hereinafter Nissan), purchased certain real property in Long Island City. In December 2003 the defendant JDL Holdings LLC (hereinafter JDL) purchased adjoining property. Subsequently, Nissan claimed that it had acquired, through adverse possession, an area of JDL’s adjoining property (hereinafter the disputed area) based on its use of a loading dock within, and its alleged erection of a fence around, the disputed area. Seeking to quiet title to the disputed area, Nissan commenced this action pursuant to RPAPL article 15. JDL then moved for summary judgment dismissing the complaint and on its counterclaim for a judgment declaring it to be the owner of the disputed property, and restoring it to possession.
A party seeking to obtain title to real property by adverse possession not based upon a written instrument must establish that the property was either “usually cultivated or improved” (RPAPL 522 [1]) or “protected by a substantial enclosure” (RPAPL 522 [2]). Additionally, the party must demonstrate by clear and convincing evidence that the possession was hostile and under claim of right, actual, open and notorious, exclusive, and continuous for a period of 10 years (see Walling v Przybylo, 7 NY3d 228, 232 [2006]).
*537 Here, JDL established its prima facie entitlement to summary judgment by demonstrating that Nissan had not substantially enclosed the disputed area or usually cultivated or improved the disputed area (see Giannone v Trotwood Corp., 266 AD2d 430, 431 [1999]). In opposition, Nissan failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted JDL’s motion for summary judgment dismissing the complaint and on its counterclaim for a judgment declaring it the lawful owner and restoring it to possession (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
Nissan’s remaining contentions either are without merit or have been rendered academic in light of our determination. Mastro, J.E, Rivera, Covello and Leventhal, JJ., concur.