■ KELLY CONKLIN-PENWELL, Appellant, v RIVERHEAD LODGE, No. 2044, B.P.O. ELKS, Respondent, et al., Defendant. [878 NYS2d 157]—

In an action, inter alia, for a judgment declaring that the plaintiff is the lawful owner, by adverse possession, of a certain parcel of real property, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Weber, J.), dated January 14, 2008, which, after a nonjury trial, is in favor of the defendant Riverhead Lodge, No. 2044, P.B.O. Elks, and against her dismissing the second, third, fourth, fifth, sixth, seventh, eighth, and ninth causes of action insofar as asserted against that defendant and, in effect, declaring that she is not the lawful owner, by adverse possession, of the real property.

Ordered that the judgment is affirmed, with costs.

"A party seeking to obtain title by adverse possession on a claim not based upon a written instrument must show that the parcel was either 'usually cultivated or improved' or 'protected by a substantial inclosure' (RPAPL 522)" (*Seisser v Eglin*, 7 AD3d 505, 505-506 [2004]). "Where there is 'actual continued occupation of premises under claim of title, exclusive of any other right' not founded upon a written instrument, 'the premises so actually occupied, and no others, are deemed to have been held adversely' (RPAPL 521). In addition, the party must satisfy the common-law requirements by demonstrating by clear and convincing evidence that the possession of the parcel was hostile, under claim of right, open and notorious, exclusive, and continuous for the statutory period of 10 years" or more (*id.* at 506; *see Walling v Przybylo*, 7 NY3d 228, 232 [2006]; *Ray v Beacon Hudson Mtn. Corp.*, 88 NY2d 154, 159 [1996]; *Brand v Prince*, 35 NY2d 634, 636 [1974]; *Oak Ponds v Willumsen*, 295 AD2d 587 [2002]; *MAG Assoc. v SDR Realty*, 247 AD2d 516 [1998]). Reduced to its essentials, the required common-law elements mean "nothing more than that there must be possession in fact of a type that would give the owner a cause of action in ejectment against the occupier throughout the prescriptive period" (*Brand v Prince*, 35 NY2d at 636).

Here, the Supreme Court properly, in effect, declared that the plaintiff was not the lawful owner, by adverse possession, of the subject real property claimed by the respondent since she conceded that the claim was not based upon a written instrument and she failed to present any evidence that the disputed property was "cultivated or improved" or "substantially inclosed" by her or her predecessor in title, as required under the statute (*see* RPAPL 522; *Giannone v Trotwood Corp.*, 266 AD2d 430 [1999]; *Simpson v Chien Yuan Kao*, 222 AD2d 666 [1995]; *Yamin v Daly*, 205 AD2d 870 [1994]). Since the remaining causes of action insofar as asserted against the respondent were dependent on the plaintiff's claim of adverse possession, they were properly dismissed as well.

The plaintiff's remaining contentions are without merit. Rivera, J.P., Balkin, Leventhal and Lott, JJ., concur.