■ GERALD WALSH, Respondent, v JOHN JEROME ELLIS et al., Defendants, and ASHRAF ABDELAAL, Also Known as ABDELAAL ASHRAF, Appellant. [883 NYS2d 563]—

In an action, inter alia, for a judgment declaring that the plaintiff acquired title to certain real property of the defendant Ashraf Abdelaal, also known as Abdelaal Ashraf, by adverse possession and acquired easements by prescription over two driveways that traverse the real property, the defendant Ashraf Abdelaal, also known as Abdelaal Ashraf, appeals from a judgment of the Supreme Court, Richmond County (Pizzuto, J.H.O.), dated March 4, 2008, which, upon a decision of the same court dated January 7, 2008, made after a nonjury trial, declared that the plaintiff acquired title to the disputed parcel of real property by adverse possession and that the plaintiff acquired easements by prescription over the two driveways.

Ordered that the judgment is modified, on the law, (1) by deleting the provision thereof declaring that the plaintiff acquired title to the real property by adverse possession and substituting therefor a provision declaring that the plaintiff did not acquire title to the real property by adverse possession, and (2) by deleting the provision thereof declaring that the plaintiff acquired an easement by prescription over the rear driveway located on the north portion of the defendant's real property and substituting therefor a provision declaring that the plaintiff did not acquire an easement by prescription over that driveway; as so modified, the judgment is affirmed, with costs to the defendant.

To claim title to real property by adverse possession, in accordance with the law in effect at the time this action was commenced (see RPAPL former 522; cf. L 2008, ch 269, § 5), the party seeking title must demonstrate that he or she usually cultivated, improved, or substantially enclosed the land (see Giannone v Trotwood Corp., 266 AD2d 430 [1999]; see also Rowland v Crystal Bay Constr., 301 AD2d 585 [2003]). Additionally, the party must demonstrate, by clear and convincing evi-

dence, the five common-law elements of the claim. "[*F*]*irst*, the possession must be hostile and *under claim of right*; *second*, it must be actual; *third*, it must be open and notorious; *fourth*, it must be exclusive; and *fifth*, it must be continuous" (*Belotti v Bickhardt,* 228 NY 296, 302 [1920]; *MAG Assoc. v SDR Realty,* 247 AD2d 516, 517 [1998]) for the statutory period of 10 years (*see Walling v Przybylo,* 7 NY3d 228, 232 [2006]).

The real property in dispute is a vacant lot (hereinafter the Lot), measuring approximately 30 feet by 123 feet, which lies directly to the east of the plaintiff's property (hereinafter the Walsh Property). The appellant purchased the Lot from the City of New York at an auction in 2001 and acquired title to the Lot in March 2002.

The plaintiff commenced this action, inter alia, for a judgment declaring that he had acquired title to the Lot by adverse possession and that he had acquired prescriptive easements over the two driveways that traverse the Lot. After a nonjury trial, the Supreme Court held that the plaintiff had acquired title to the Lot by adverse possession. The court also concluded that the plaintiff had acquired easements by prescription over both of the driveways that traverse the Lot.

Upon review of a determination rendered after a nonjury trial, this Court's authority "is as broad as that of the trial court," and this Court may "render the judgment it finds warranted by the facts, taking into account in a close case the fact that the trial judge had the advantage of seeing the witnesses" (*Northern Westchester Professional Park Assoc. v Town of Bedford,* 60 NY2d 492, 499 [1983] [internal quotation marks omitted]).

Here, the plaintiff failed to prove by clear and convincing evidence that the Lot was usually cultivated or improved or substantially enclosed for the requisite 10-year period to give rise to title by adverse possession (*see Conklin-Penwell v Riverhead Lodge, No. 2044, B.P.O. Elks,* 61 AD3d 916 [2009]; *Rowland v Crystal Bay Constr.,* 301 AD2d 585, 586 [2003]). The testimony presented at trial indicated that both the plaintiff and his brother, who previously owned the Walsh Property, had exclusively mowed the grass on the Lot. The plaintiff also testified that on unspecified occasions in the past, he had cut down two rotting trees, planted two new trees, planted an unknown number of shrubs, and performed de minimis maintenance upon a chain link fence, which is approximately one foot high and runs along the side of the Lot bordering a roadway. This was insufficient to establish the usual cultivation and improvement or substantial enclosure necessary to support an adverse posses-

sion claim (see *Giannone v Trotwood Corp.;* 266 AD2d 430, 431 [1999]; *Manhattan School of Music v Solow,* 175 AD2d 106, 108 [1991]; *compare Eller Media Co. v Bruckner Outdoor Signs,* 299 AD2d 166 [2002]; *Birnbaum v Brody,* 156 AD2d 408, 409 [1989]). Thus, the court erred in determining that the plaintiff had acquired the Lot by adverse possession.

However, we agree that the plaintiff established his entitlement to a prescriptive easement over the circular driveway that traverses the southern point of the Lot.

An easement by prescription is generally demonstrated by proof of the adverse, open and notorious, continuous, and uninterrupted use of the subject property for the prescriptive period, which is 10 years (see *315 Main St. Poughkeepsie, LLC v WA 319 Main, LLC,* 62 AD3d 690 [2009]; *Weir v Gibbs,* 46 AD3d 1192, 1193 [2007]; *Frumkin v Chemtop,* 251 AD2d 449 [1998]).

The plaintiff testified that he used the circular driveway traversing the Lot on a daily basis. This use manifested a sufficient degree of openness, notoriety, and continuity to give rise to a prescriptive easement (see *Di Leo v Pecksto Holding Corp.,* 304 NY 505 [1952]; *Rozenberg v Bacigalupo,* 18 AD3d 854, 855 [2005]).

In contrast, the plaintiff's use of the driveway that traversed the northern portion of the Lot was admittedly occasional, and the evidence offered no clear indication of the frequency of use of this driveway by the plaintiff or his guests. This evidence was thus insufficient to establish, by clear and convincing evidence, that the plaintiff's use of the northern driveway was notorious and continuous (see *Weir v Gibbs,* 46 AD3d at 1193-1194). Thus, the court erred in declaring that the plaintiff acquired a prescriptive easement over the northern driveway. Mastro, J.P., Eng, Belen and Hall, JJ., concur.