■ INES ALMEIDA, Respondent, v WENDY WELLS, Appellant et al., Defendant. [904 NYS2d 736]—

In an action, inter alia, for a judgment declaring that the plaintiff acquired title to certain real property by adverse possession, the defendant Wendy Wells appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Loehr, J.), entered March 5, 2009, as denied her motion for summary judgment declaring that the plaintiff did not acquire the subject property by adverse possession and does not have an easement by prescription, implication, or necessity over the subject property, dismissing the fifth, sixth, seventh, and eighth causes of action insofar as asserted against her, and on her ninth counterclaim, and to cancel a notice of pendency filed by the plaintiff in connection with the subject property, and granted those branches of the plaintiff's cross motion which were for summary judgment on the first, second, third and fourth causes of action declaring that the plaintiff acquired the subject real property by adverse possession and/or has an easement by prescription, implication, and necessity over the subject

property, and on the eighth cause of action permanently enjoining her from interfering with the plaintiff's rights in and to the subject property.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the motion of the defendant Wendy Wells which was for summary judgment declaring that the plaintiff did not acquire the subject property by adverse possession, and substituting therefor a provision granting that branch of the motion, and (2) by deleting the provisions thereof granting those branches of the plaintiff's cross motion which were for summary judgment on the first, second, third, and fourth causes of action declaring that the plaintiff acquired the subject property by adverse possession and/or has an easement by prescription, implication, and necessity over the subject property, and on the eighth cause of action permanently enjoining the defendant Wendy Wells from interfering with her rights in and to the subject property, and substituting therefor provisions denying those branches of the cross motion; as so modified, the order is affirmed insofar as appealed from, with costs to the appellant, and the matter is remitted to the Supreme Court, Westchester County, for the entry of a judgment, inter alia, declaring that the plaintiff did not acquire the subject property by adverse possession.

The plaintiff and the defendant Wendy Wells own neighboring parcels of real property on High Street in the Town of Yorktown. From 1955 to 1991, the plaintiff's predecessors in interest used a portion of real property situated between the two subject parcels for parking. However, a portion of the property used by the plaintiff's predecessors in interest included a "paper street," and part of Wells's lot. In May 2007 Wells removed a portion of the plaintiff's driveway and a retaining wall in the contested area. Thereafter, the plaintiff commenced this action against Wells, among others, for, inter alia, a judgment declaring that she had acquired title to the contested real property by adverse possession, and/or that she had an easement by prescription, implication, or necessity over that property, which included a portion of the "paper street" and Wells's lot. In an order entered March 5, 2009, the Supreme Court, among others things, denied those branches of Wells's motion which were for summary judgment declaring that the plaintiff did not acquire the contested parcel by adverse possession and did not have an easement by prescription, implication, or necessity and dismissing the fifth, sixth, seventh, and eighth causes of action, and granted those branches of the plaintiff's cross motion which were for summary judgment on the first, second, third, and fourth causes of

action declaring that she had acquired those rights and interests in the contested property, and on the eighth cause of action permanently enjoining Wells from interfering with those rights and interests. We modify.

"To claim title to real property by adverse possession, in accordance with the law in effect at the time this action was commenced (*see* RPAPL former 522; *cf.* L 2008, ch 269, § 5), the party seeking title must demonstrate that he or she usually cultivated, improved, or substantially enclosed the land" (*Walsh v Ellis*, 64 AD3d 702, 703 [2009]; *see Giannone v Trotwood Corp.*, 266 AD2d 430 [1999]; *see also Rowland v Crystal Bay Constr.*, 301 AD2d 585, 586 [2003]). In addition, the party claiming title must demonstrate, by clear and convincing evidence, satisfaction of the following five common-law elements of the claim over the course of the applicable statutory period: (1) the possession must be hostile and under a claim of right; (2) it must be actual; (3) it must be open and notorious; (4) it must be exclusive; and (5) it must be continuous (*see Belotti v Bickhardt*, 228 NY 296, 302 [1920]; *MAG Assoc. v SDR Realty*, 247 AD2d 516, 517 [1998]). Where, as here, possession commenced prior to September 1, 1963, the requisite statutory period to establish a claim of adverse possession is 15 years (*see West Ctr. Cong. Church v Efstathiou*, 215 AD2d 753, 754 [1995]).

Here, in support of that branch of her motion which was for summary judgment declaring that the plaintiff did not acquire title to the contested real property by adverse possession, Wells demonstrated, prima facie, her entitlement to judgment as a matter of law. Specifically, Wells demonstrated that the plaintiff's predecessors in interest had not "usually cultivated, improved, or substantially enclosed the land" upon which they parked their vehicle (*cf. Walsh v Ellis*, 64 AD3d at 704-705; *Dunkin Donuts of N.Y., Inc. v Mid-Valley Oil Co., Inc.*, 14 AD3d 590, 592 [2005]; *Manhattan School of Music v Solow*, 175 AD2d 106, 108 [1991]). In opposition to Wells's motion, the plaintiff failed to raise a triable issue of fact. Accordingly, the plaintiff also failed to establish her own entitlement to judgment as a matter of law on the first cause of action declaring that she acquired the contested property by adverse possession. Thus, the Supreme Court should have granted that branch of Wells's motion which was for summary judgment declaring that the plaintiff did not acquire the contested parcel by adverse possession, and denied that branch of the plaintiff's cross motion which was for summary judgment declaring that she did.

In addition, in support of that branch of her cross motion which was for summary judgment on the second cause of action

declaring that she has an easement by prescription over the contested real property, the plaintiff failed to meet her prima facie burden of establishing her entitlement to judgment as a matter of law. An easement by prescription is generally demonstrated by proof of the adverse, open and notorious, continuous, and uninterrupted use of the subject property for the prescriptive period (*see 315 Main St. Poughkeepsie, LLC v WA 319 Main, LLC,* 62 AD3d 690 [2009]; *Weir v Gibbs,* 46 AD3d 1192, 1193 [2007]; *Frumkin v Chemtop,* 251 AD2d 449 [1998]). "Where the use has been shown by clear and convincing evidence to be open, notorious, continuous, and undisputed, it is presumed that the use was hostile, and the burden shifts to the opponent of the alleged prescriptive easement to show that the use was permissive" (*315 Main St. Poughkeepsie, LLC v WA 319 Main, LLC,* 62 AD3d at 691). Unlike a claim sounding in adverse possession, a party seeking to acquire a right by prescription need not demonstrate that use of the property was exclusive (*see Levy v Morgan,* 31 AD3d 857 [2006]). Here, the plaintiff's submissions, including the deposition transcript of a predecessor in interest and an affidavit and survey from a registered land surveyor, did not demonstrate, prima facie, which portions of the contested area the plaintiff allegedly acquired by a prescriptive easement. As a result, the Supreme Court erred in granting that branch of the plaintiff's cross motion which was for summary judgment on the second cause of action.

Furthermore, the plaintiff failed to submit evidence sufficient to establish, prima facie, her entitlement to judgment as a matter of law on the third cause of action declaring that she has an easement by implication (*see MacVicar v Aerodrome Dev. Corp.,* 7 AD3d 762, 763 [2004]) and on the fourth cause declaring that she has an easement by necessity (*see Simone v Heidelberg,* 9 NY3d 177, 179 [2007]) over the contested property. Although the plaintiff submitted evidence suggesting that recognition of the various easements was required for ingress to and egress from portions of the "paper street" and Wells's lot, those submissions reveal the existence of triable issues of fact as to which specific portions of that real property the easements should apply.

As a result of the plaintiff's failure to meet her prima facie burden in connection with the second, third, and fourth causes of action, the sufficiency of Wells's opposition papers need not be addressed (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]).

In view of the foregoing, the Supreme Court also erred in granting that branch of the plaintiff's cross motion which was

for summary judgment on the eighth cause of action permanently enjoining Wells from interfering with the plaintiff's alleged rights of ingress to and egress from her property over Wells's lot.

Wells' remaining contentions are without merit or need not be addressed in light of our determination. Skelos, J.P., Angiolillo, Leventhal and Roman, JJ., concur.