■ PAUL SHILKOFF et al., Appellants, v JEANNE LONGHITANO, Respondent. [943 NYS2d 144]—

Motion by the respondent for leave to reargue an appeal from

an order of the Supreme Court, Westchester County, entered March 22, 2011, which was determined by decision and order of this Court dated December 20, 2011.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the motion is granted to the extent that the decision and order of this Court dated December 20, 2011, is recalled and vacated and the following decision and order is substituted therefor, and the motion is otherwise denied:

In an action, inter alia, pursuant to RPAPL article 15 to determine claims to certain real property, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Bellantoni, J.), entered March 22, 2011, as denied those branches of their cross motion which were for summary judgment declaring them to be the owners of the subject property by adverse possession and to enjoin the defendant from entering the subject property.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, those branches of the plaintiffs' cross motion which were for summary judgment declaring them to be the owners of the subject property by adverse possession and to enjoin the defendant from entering the subject property are granted, and the matter is remitted to the Supreme Court, Westchester County, for the entry of a judgment, inter alia, declaring that the plaintiffs are the owners of the subject property by adverse possession, and enjoining the defendant from entering the subject property.

The plaintiffs and the defendant own neighboring lots of real property in the City of New Rochelle. The plaintiffs purchased their lot in 2004 and the defendant purchased her lot in 2007. According to the plaintiffs, beginning in 1986, their predecessor in interest continuously occupied and used a portion of real property (hereinafter the subject property) situated on the defendant's lot which included an uninterrupted row of landscaped trees called arborvitae and various other plants and shrubbery (hereinafter the disputed parcel). In 2008, the defendant trimmed portions of the arborvitae within the subject property. Thereafter, the plaintiffs commenced this action, inter alia, for a judgment declaring them to be the owners of the subject property by adverse possession and to enjoin the defendant from entering the subject property. In the order appealed from, the Supreme Court, among other things, denied those branches of the plaintiffs' cross motion which were for summary judgment declaring them to be the owners of the subject property by adverse possession and to enjoin the defendant from entering

the subject property. The plaintiffs appeal. We reverse the order insofar as appealed from.

The Supreme Court properly determined that the 2008 amendments to the adverse possession statutes contained in RPAPL article 5 (*see* L 2008, ch 269, § 5) are not applicable because the plaintiffs' property right, as alleged, vested prior to the enactment of those amendments (*see Hogan v Kelly*, 86 AD3d 590, 592 [2011]; *Hammond v Baker*, 81 AD3d 1288, 1290 [2011]; *Perry v Edwards*, 79 AD3d 1629, 1631 [2010]; *Barra v Norfolk S. Ry. Co.*, 75 AD3d 821, 825-826 [2010]; *Franza v Olin*, 73 AD3d 44, 47-48 [2010]).

To claim title to real property by adverse possession, in accordance with the law as applicable here, the party seeking title must demonstrate that the parcel was "usually cultivated or improved" or "protected by a substantial inclosure" (RPAPL former 522 [1], [2]; *see BTJ Realty, Inc. v Caradonna*, 65 AD3d 657, 658 [2009]; *Walsh v Ellis*, 64 AD3d 702 [2009]). In addition, the party claiming title must demonstrate, by clear and convincing evidence, satisfaction of the following five common-law elements of the claim over the course of the applicable statutory period: (1) the possession must be hostile and under a claim of right; (2) it must be actual; (3) it must be open and notorious; (4) it must be exclusive; and (5) it must be continuous (*see Belotti v Bickhardt*, 228 NY 296, 302 [1920]; *Almeida v Wells*, 74 AD3d 1256 [2010]).

In support of those branches of their cross motion which were for summary judgment declaring them to be the owners of the subject property by adverse possession and to enjoin the defendant from entering the subject property, the plaintiffs submitted, among other things, an affidavit from their predecessor in interest. The affidavit demonstrated that, since 1986, the plaintiffs' predecessor in interest had "usually cultivated, improved, or substantially enclosed the land" within the disputed parcel (*Walsh v Ellis*, 64 AD3d at 703; *see* RPAPL former 522). Moreover, the evidence submitted established the five common-law elements of the plaintiffs' adverse possession claim.

The Supreme Court erred in finding that in opposition to the plaintiffs' prima facie showing, the defendant raised a triable issue of fact. In that regard, the defendant submitted, inter alia, an affidavit wherein she averred that the arborvitae on the disputed parcel "were planted by [her] predecessor, and require trimming from time to time." The defendant's assertion in her affidavit that her predecessor in interest planted the arborvitae on the disputed parcel constitutes inadmissible hearsay, as she only purchased her property in 2007, and she failed to indicate

whether she had personal knowledge that her predecessor in interest had planted the arborvitae or usually cultivated them (*see Harris v Five Point Mission—Camp Olmstedt*, 73 AD3d 1127, 1129 [2010]; *cf. Charter One Bank, FSB v Leone*, 45 AD3d 958, 959 [2007]). The other evidence submitted by the defendant, including two affidavits from her attorney, were insufficient to raise a triable issue of fact. Moreover, the defendant's contention that the plaintiffs' motion was premature is improperly raised for the first time on appeal, and, thus, is not properly before this Court (*see Panteleon v Amaya*, 85 AD3d 993, 995 [2011]).

Accordingly, those branches of the plaintiffs' cross motion which were for summary judgment declaring them to be the owners of the subject property by adverse possession and to enjoin the defendant from entering the subject property should have been granted.

Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Westchester County, for the entry of a judgment, inter alia, making the appropriate declaration (*see Lanza v Wagner*, 11 NY2d 317 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]).

The defendant's remaining contentions are without merit. Skelos, J.P., Balkin, Leventhal and Lott, JJ., concur.