attestation clause in her handwriting recites that it was subscribed by the testatrix at the date thereof and that she acknowledged that she executed the same. One witness to the will died before the testatrix. The other testified she did not see the testatrix sign the will and that testatrix did not acknowledge she had signed it. Twenty-five years had elapsed, the witness was sixty-seven years of age and had forgotten some of the incidents connected with the execution of the will. The Appellate Division held that under the facts in the case, and in view of the fact that the will is holographic, the evidence of the surviving witness given twenty-five years after the will was executed should not outweigh the other facts and circumstances which tend to establish the proper execution.

*Arthur E. Sutherland* and *Spencer F. Lincoln* for appellants.

*Calvin J. Huson* and *John J. Hyland* for executor, respondent.

*William S. McGreevy* for Fannie L. Ansley et al., respondents.

Order affirmed, with costs to respondents payable out of the estate; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MC-LAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

PIERCE KEEFE et al., Respondents, *v.* ANNPAUL REALTY Co., INC., Appellant, Impleaded with Another.

*Real property — easements — injunction — action to restrain building upon alleyway in which plaintiff had easement of use for fire exit.*

*Keefe* v. *Annpaul Realty Co., Inc.*, 215 App. Div. 301, affirmed.
(Argued October 21, 1926; decided November 16, 1926.)

APPEAL from a judgment, entered February 27, 1926, upon an order of the Appellate Division of the Supreme Court in the second judicial department, reversing a judgment in favor of defendants entered upon a decision of the court on trial at Special Term and directing judgment in favor of plaintiffs. This action was to restrain

defendant Annpaul Realty Co., Inc., from building upon a right of way or alleyway in which the plaintiffs have an easement for fire exit purposes, under the following reservation contained in a deed by them to defendant's predecessor in title: "Reserving and excepting, nevertheless, to the parties of the first part, their heirs and assigns forever, the right to the use of the five feet wide alleyway, across the rear or westerly extremity of the above described premises, for use as a fire exit from the premises known as No. 5304 5th Avenue, immediately adjoining the above described premises on the south."

*Charles H. Kelby, Louis Goldstein* and *DeWitt Bailey* for appellant.

*Fred L. Gross* for respondents.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MC-LAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

B. W. LOUGHEED & Co., LTD., Appellant, *v.* YONE SUZUKI et al., Copartners, under the Firm Name of SUZUKI & COMPANY, Respondents.

*Brokers — commissions — contract — action by ship broker to recover commissions for securing charter party of steamship.*

*Lougheed & Co., Ltd.,* v. *Suzuki,* 216 App. Div. 487, affirmed.

(Argued October 21, 1926; decided November 16, 1926.)

APPEAL from a judgment, entered April 30, 1926, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of plaintiff entered upon a verdict directed by the court and directing judgment in favor of defendants. The action was to recover commissions as ship broker for securing a charter party for a steamship at defendant's request. The answer set up as separate defenses, *first,* that the services were rendered under a contract that plaintiff should receive for its services a percentage of the hire actually paid by the charterer and if none was paid was to receive nothing; *second,* that it was the custom among ship brokers in the port of New York that under