■ DOMINICK LAERA, Appellant, v RUBEN MOLINA, Doing Business as ROOSEVELT LIQUOR STORE, Respondent, et al., Defendants. — In an action, *inter alia,* to recover possession of certain real property, for the ejectment of defendants and for money damages emanating from the withholding of possessio, plaintiff appeals from a judgment of the Supreme Court, Queens County (Buschmann, J.), entered October 6, 1982, which, after a nonjury trial, dismissed his complaint and sustained the counterclaims of defendant Molina, doing business as Roosevelt Liquor Store for a permanent injunction prohibiting plaintiff from trespassing on his property and directing plaintiff to remove the wall which he had begun to construct on defendant Molina's premises. ¶ Judgment affirmed, with costs. ¶ Plaintiff Dominick Laera and defendant Ruben Molina are owners of adjoining stores in Corona, Queens. Part of Molina's property, bounded on the east by 111th Street, was rented to two other stores: a grocery store, defendant La Trinitaria, and a shoemaker, defendant Graciella Villamil. No representative of La Trinitaria appeared at trial. Although defendant Villamil was present in the courtroom, Laera admitted that he was not seeking any affirmative relief against her. Rather, at the commencement of trial, Laera and Molina stipulated that they are the real parties in interest and agreed to be bound by the court's decision. ¶ Both Laera and Molina acquired their respective parcels from common grantors, to wit: John and Mary Crescenti and the Crescenti Corporation. The language of Laera's deed clearly creates an easement appurtenant to the adjoining property, which was at that time owned by the Crescenti Corporation and was subsequently sold to Molina.

The deed reserved to that property the right to encroach upon the northern 32 feet and 11 inches of Laera's property (see *Rahabi v Morrison,* 81 AD2d 434, 437-438; 2 Warren's Weed, NY Real Prop, Easements, § 1.01). Defendant Molina purchased his property over two years after Laera had taken title to his premises. Molina's deed also referred to an easement "over premises adjoining on the east," i.e., Laera's property. The title report prepared on Molina's behalf contained this same reference to the easement over Laera's property. The surveys referred to in the parties' respective title insurance policies differ in that Molina's survey indicates that the subject easement was "exercised over the full width of 18 feet, more or less, of said adjoining premises". As per Laera's survey, the encroachment was more restricted in scope. ¶ On or about December 22, 1978, shortly after Molina took title to the property, Laera filed a complaint with the Department of Buildings regarding an illegal divider encroaching upon his property. Each party was found to have committed several violations, and restorations of the respective premises were ordered. Laera thereafter commenced the instant action. After issue was joined, the parties adjourned the matter in order to discuss possible settlement. ¶ In March, 1981, Laera received a permit from the Department of Buildings to make alterations to his property in order to cure his violations. Pursuant to the permit, he commenced construction of a party wall at the technical boundary of his lot, alleging that all such work was done on his property rather than Molina's. He was forced to halt construction when Molina obtained a temporary restraining order (later converted to a preliminary injunction) prohibiting any further alterations to the walls separating the parties' premises. The preliminary injunction is still in effect. ¶ The matter proceeded to trial on April 15 and 16, 1982. At trial, Laera, testifying through an official interpreter, denied knowledge of an easement mentioned in his deed, title report or title insurance policy. However, he admitted that Molina's property was benefited by an easement to use the chimney flue on his property. We conclude that Laera is estopped from denying the existence of an easement in favor of Molina's parcel inasmuch as he accepted a deed creating such an easement by express reservation (see *Haight v Littlefield,* 147 NY 338, 343; *Keefe v Annpaul Realty Co.,* 215 App Div 301, 307, affd 243 NY 647). Moreover, Laera was represented by counsel at all times with respect to the purchase of his premises. The knowledge of the attorney as to the easement created by the deed is imputable to his client under these circumstances (see *Siegel v Faryniarz,* 9 Misc 2d 1035, 1038). ¶ The evidence adduced at trial sufficed to establish that Molina possesses a valid easement with respect to the disputed portion of Laera's premises which has not been terminated. Notwithstanding this fact, Laera commenced construction of a wall upon the area subject to the easement, thereby violating Molina's rights. Accordingly, equity was properly invoked by the trial court in order to protect Molina's easement and property rights (see *Cunningham v Fitzgerald,* 138 NY 165, 170) and to enjoin Laera's continuing and future trespass on those rights (*Sadlier v City of New York,* 185 NY 408, 413; *Coatsworth v Lehigh Val. Ry. Co.,* 156 NY 451, 457). ¶ We note for the record that if John Crescenti, one of the parties' common grantors had testified, his testimony might well have been a substantial factor in ascertaining the precise extent of the subject easement. Any testimony from him was conspicuously absent from the record. It was revealed at oral argument of the appeal that he has become incapacitated to such a degree that he is no longer competent to testify. In view of the impossibility of procuring said testimony to supplement the record, we are constrained to render a decision based upon the proof adduced at trial. Inasmuch as the trial court had the advantage of observing the parties and their witnesses first hand and made a determination of credibility based thereon, we affirm its findings vis-à-vis the scope of the

subject easement. ¶ Accordingly, the judgment appealed from is affirmed. Titone, J. P., Lazer, Weinstein and Boyers, JJ., concur.