JOSEPH THOMAS FITZGERALD et al., Appellants, v WILLIAM CONROY et al., Respondents. [790 NYS2d 526]—

In an action, inter alia, for a judgment declaring that the plaintiffs are the sole owners of certain disputed real property, the plaintiffs appeal from so much of an order of the Supreme Court, Orange County (McGuirk, J.), dated June 30, 2003, as denied their motion for summary judgment on the first cause of action to enjoin the defendants from trespassing on the disputed real property and for summary judgment dismissing the sixth, seventh, and eighth affirmative defenses and all counterclaims asserted in the answer.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the defendants are enjoined from trespassing on the disputed real property, the sixth, seventh, and eighth affirmative defenses and all counterclaims asserted in the answer are dismissed, and the matter is remitted to the Supreme Court, Orange County, for the entry of a judgment declaring that the plaintiffs are the sole owners of the disputed real property.

A claim of adverse possession requires the establishment of five elements. The possession must be hostile and under claim of right; it must be actual; it must be open and notorious; it must be exclusive; and it must be continuous for a period of 10

years (*see* RPAPL 511; *Brand v Prince,* 35 NY2d 634 [1974]). If any one of these elements is not established by clear and convincing evidence, the claim of adverse possession must fail (*see MAG Assoc. v SDR Realty,* 247 AD2d 516 [1998]; *Weinstein Enters. v Pesso,* 231 AD2d 516, 517 [1996]). Here, the plaintiffs demonstrated entitlement to judgment as a matter of law by submitting their own affidavits, documentary evidence, and expert affidavits establishing that the disputed parcel was conveyed in their chain of title and was erroneously included in the defendants' chain of title. The plaintiffs further stated in their affidavits that they used the subject property regularly and maintained it in its natural state.

In opposition, the defendants failed to submit any expert testimony to contradict the plaintiffs' showing with respect to the chain of title. Although the defendants did aver that they had maintained the subject property continuously for 10 years, their affidavits were insufficient to raise an issue of fact with respect to the plaintiffs' claim or their affirmative defenses and counterclaims alleging adverse possession. While the defendants' affidavits demonstrated that they may have exercised possession over the subject property, they failed to controvert the plaintiffs' specific allegations defeating the necessary claim that such possession was exclusive. Therefore, the Supreme Court erred in denying the plaintiffs' motion for summary judgment.

Further, since this is, in part, a declaratory judgment action, the Supreme Court should have directed the entry of a judgment, inter alia, declaring that the plaintiffs are the sole owners of the disputed property (*see Lanza v Wagner,* 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). H. Miller, J.P., Cozier, Ritter and Spolzino, JJ., concur.