In the Matter of FREEMAN STREET PROPERTIES, LLC, Appellant, v JOHN THELIAN, Respondent. [824 NYS2d 359]—

In a holdover proceeding, the petitioner appeals, by permission, as limited by its brief, from so much of an order of the Appellate Term of the Supreme Court for the Second and Eleventh Judicial Districts, dated December 22, 2004 [6 Misc 3d 127(A), 2004 NY Slip Op 51684(U) (2004)], as reversed a judgment of possession of the Civil Court of the City of New York, Kings County (Rubin, J.), dated April 3, 2003, and dismissed the petition.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the petition is granted, and the judgment of possession is reinstated.

In this holdover proceeding, the landlord seeks to remove the tenant on the ground, inter alia, that the tenant violated the commercial use and anti-subletting provisions of the subject lease. After a lengthy trial, finding the testimony of the tenant and his witnesses "rife with admissions of income concealment from profits made through subletting, charging more than the stated rent in the leases at issue and tax fraud," and that the tax fraud, by itself, impeached "all of [these] witnesses' respective credibility," the Civil Court concluded that the tenant had not adequately rebutted the documentary evidence or testimony provided on behalf of the landlord. Accordingly, rejecting the tenant's assertions that the landlord had known of and acquiesced in the residential use, the Civil Court granted the petition and issued a judgment of possession. The Appellate Term reversed the judgment of possession and dismissed the petition. We reverse.

The Appellate Term correctly determined that, in the face of the documentary evidence, including the Department of Buildings' documents reporting numerous instances of residential use in violation of the Building Code and undisputed testimony of extensive construction work performed in converting the commercial space into residential apartments, the landlord's witnesses could not credibly testify that it lacked knowledge of, and did not acquiesce in, the residential use (*see Gordon & Gordon v Madavin, Ltd.,* 108 Misc 2d 349 [1981]).

However, on the matter of the subletting and profiteering, "the determination of the Trial Judge . . . was not against the weight of the credible evidence, and constituted a reasonable assessment of the evidence, giving due consideration to the trial court's advantage of seeing and hearing the witnesses" (*Health 'N Sports v 1020 WW Food Corp.,* 191 AD2d 534 [1993]; *see Cohen v Cohen,* 279 AD2d 599, 600 [2001]; *Laera v Molina,* 100 AD2d 615, 616 [1984]). As this, alone, was sufficient to support the judgment of possession (*see BLF Realty Holding Corp. v*

*Kasher,* 299 AD2d 87 [2002]), the Appellate Term erred in reversing the judgment of possession and dismissing the petition.

In light of the above, the parties' remaining contentions have been rendered academic. Florio, J.P., Schmidt, Krausman and Lifson, JJ., concur.