(May 17, 2011)

Air Stream Corp., Respondent, v 3300 Lawson Corp., Appellant. [924 NYS2d 104]—

In an action, inter alia, for a judgment declaring that the plaintiff is the owner of certain real property by adverse possession, the defendant appeals, as limited by its brief, from stated portions of a judgment of the Supreme Court, Nassau County (Warshawsky, J.), entered August 18, 2009, which, upon a decision of the same court dated June 9, 2009, made after a nonjury trial, declared that the plaintiff had acquired title to a seven-foot strip of land located on the defendant's property by adverse possession, that the defendant does not have an easement by grant over a seven-foot strip of land located on the plaintiff's property, and that the defendant is permanently enjoined from interfering with the plaintiff's use of the seven-foot strip of land located on the defendant's property, and, in effect, denied the defendant's counterclaims for a judgment declaring that the defendant had an easement by grant over the seven-foot strip of land located on the plaintiff's property and directing the plaintiff to remove that portion of a cement platform that encroaches on the defendant's property.

Ordered that the judgment is reversed insofar as appealed

from, on the law and the facts, with costs, and it is declared that the plaintiff did not acquire the seven-foot strip of land located on the defendant's property by adverse possession, that the defendant has an easement by grant over a seven-foot strip of land located on the plaintiff's property, and that the defendant is not enjoined from interfering with the plaintiff's use of the seven-foot strip of land located on the defendant's property, and the plaintiff is directed to remove that portion of its cement platform that encroaches on the defendant's property.

The plaintiff, Air Stream Corp. (hereinafter Air Stream), owns the real property located at 3400 Lawson Boulevard in Oceanside. The defendant, 3300 Lawson Corp. (hereinafter Lawson), owns the real property located at 3300 Lawson Boulevard, which is adjacent to 3400 Lawson Boulevard. Two loading docks are located entirely within Air Stream's property boundaries, and one loading dock is located entirely within Lawson's property boundaries. Another loading dock, however, is bisected by the parties' common property boundary, such that seven feet of the loading dock (hereinafter the Lawson strip) are located within Lawson's borders, while the remaining seven feet of the loading dock (hereinafter the Air Stream strip) are located within Air Stream's borders.

In 2006 Air Stream commenced this action, alleging that it had acquired the Lawson strip through adverse possession, or, in the alternative, had acquired a prescriptive easement. Air Stream further alleged that Lawson never had an easement by grant over the Air Stream strip, and, even if such an easement previously existed, Air Stream had extinguished that easement through adverse possession. Additionally, Air Stream sought a permanent injunction enjoining Lawson from fencing in the Lawson strip.

Lawson counterclaimed, inter alia, for an order or judgment directing Air Stream to remove that portion of a cement platform that allegedly encroached on Lawson's property, as well as a judgment declaring that Lawson enjoys an easement over the Air Stream strip.

Following a nonjury trial, the Supreme Court granted all the relief sought by Air Stream and, in effect, denied Lawson's counterclaims. Lawson appeals.

Upon review of a determination rendered after a nonjury trial, this Court's authority "is as broad as that of the trial court," and this Court may "render the judgment it finds warranted by the facts, taking into account in a close case the fact that the trial judge had the advantage of seeing the witnesses" (*Northern Westchester Professional Park Assoc. v Town of Bed-*

*ford*, 60 NY2d 492, 499 [1983] [internal quotation marks omitted]; *see Walsh v Ellis*, 64 AD3d 702, 704 [2009]; *Krol v Eckman*, 256 AD2d 945, 946-947 [1998]).

The Supreme Court's determination that Air Stream had acquired the Lawson strip by adverse possession is not supported by the record. Based on the law in effect when this action was commenced, "[t]o establish title by adverse possession not based on a written instrument, plaintiffs were required to establish by clear and convincing evidence that for a period of 10 years they actually possessed the property in dispute and that their possession was open, notorious, exclusive, continuous, hostile and under a claim of right, and that the disputed parcel was either 'usually cultivated or improved' or 'protected by a substantial inclosure' " (*Goss v Trombly*, 39 AD3d 1128, 1129 [2007], quoting RPAPL former 522 [1], [2]; *see Fitzgerald v Conroy*, 15 AD3d 534, 534-535 [2005]). Here, Air Stream did not carry its burden of establishing exclusivity. Rather, the record reflects that for at least a four-month window during the prescriptive period of 1993 to 2003, Lawson and its tenant also used the Lawson strip in connection with various renovations and deliveries (*see Estate of Becker v Murtagh*, 75 AD3d 575, 578 [2010], *lv granted* 16 NY3d 707 [2011]; *Fitzgerald v Conroy*, 15 AD3d at 535; *McFarland v Michel*, 2 AD3d 1297, 1299-1300 [2003]).

Air Stream similarly failed to establish its entitlement to a prescriptive easement over the Lawson strip. "In order to establish a prescriptive easement, a plaintiff must prove, by clear and convincing evidence, that the use of the servient property was open, notorious, continuous, hostile and under a claim of right for the requisite 10-year period. Proof that use of a property was open, notorious, continuous and undisputed generally gives rise to a presumption that the use was hostile and under a claim of right, shifting the burden of proof to the servient property owner to show that the use was permissive. However, permission can be inferred where . . . the relationship between the parties is one of neighborly cooperation and accommodation and, in such case, the presumption of hostility does not arise. In fact, '[w]here permission can be implied from the beginning, no adverse use may arise until the owner of the servient tenement is made aware of the assertion of a hostile right' " (*Allen v Mastrianni*, 2 AD3d 1023, 1024 [2003] [citations omitted], quoting *Susquehanna Realty Corp. v Barth*, 108 AD2d 909, 910 [1985]; *see Duckworth v Ning Fun Chiu*, 33 AD3d 583 [2006]). Here, while the record reflects that Air Stream's use of the Lawson strip was open, notorious, and continuous during the

prescriptive period, the record is replete with evidence, including documentary evidence and testimony from Air Stream's own principals, that the relationship between the parties was one of neighborly cooperation and accommodation, and that Air Stream's use during the prescriptive period was with Lawson's permission (*see Estate of Becker v Murtagh*, 75 AD3d at 579; *Duckworth v Ning Fun Chiu*, 33 AD3d at 583-584; *Frumkin v Chemtop*, 251 AD2d 449 [1998]; *Boumis v Caetano*, 140 AD2d 401, 402 [1988]; *Susquehanna Realty Corp. v Barth*, 108 AD2d at 909-910; *Hassinger v Kline*, 91 AD2d 988, 989 [1983]).

Air Stream's contention that Lawson never obtained an easement by grant over the Air Stream strip is belied by the record. " '[A] grantor cannot create an easement benefitting land not owned by the grantor' at the time of the grant (*Sachar v East 53 Realty, LLC*, 63 AD3d 715, 715 [2009], quoting *Beachside Bungalow Preserv. Assn. of Far Rockaway v Oceanview Assoc.*, 301 AD2d 488, 489 [2003]). Here, Air Stream and Lawson acquired the properties relevant to this appeal from a common grantor. That grantor created an easement by reservation over the area now known as the Air Stream strip at a time when it still owned the property currently known as 3300 Lawson Boulevard. Accordingly, that easement is valid (*see Laera v Molina*, 100 AD2d 615, 616 [1984]; *cf. Matter of Estate of Thomson v Wade*, 69 NY2d 570, 573-574 [1987]; *Sachar v East 53 Realty, LLC*, 63 AD3d 715 [2009]).

Under the circumstances, the fact that not all deeds in Lawson's chain of title contain appurtenance clauses is inconsequential. As we explained in *Strnad v Brudnicki* (200 AD2d 735, 737 [1994]), "[e]ven if we assume that [an] easement is not appurtenant and did not pass automatically to the subsequent owners, a person who purchases the servient estate with actual or constructive notice of the easement is estopped from denying the existence of the easement." Here, Air Stream, the purchaser of the servient estate, was on notice of the easement. Not only is the easement reflected in Air Stream's own chain of title but, prior to purchase, the previous owner of 3400 Lawson Boulevard informed an Air Stream principal of the easement (*see Russell v Perrone*, 301 AD2d 835, 836 [2003]; *Zunno v Kiernan*, 170 AD2d 795, 796 [1991]). Air Stream's remaining contentions regarding the purported invalidity or extinguishment of Lawson's easement over the Air Stream strip are similarly without merit.

Lastly, the record reflects that Air Stream built a cement platform in 2004 or 2005 that encroaches on Lawson's property. The Supreme Court should have ruled in Lawson's favor on its

third counterclaim, and directed Air Stream to remove the encroaching portion of the platform (*see Estate of Becker v Murtagh*, 75 AD3d at 579). Mastro, J.P., Balkin, Leventhal and Belen, JJ., concur. **[Prior Case History: 24 Misc 3d 1208(A), 2009 NY Slip Op 51317(U).]**