MARTIN PINZON et al., Appellants, v ADEL ESKANDER, Respondent. [933 NYS2d 298]—

In an order dated March 11, 2009, the Supreme Court

(Schmidt, J.) granted the plaintiffs' motion for summary judgment on their cause of action alleging that they are the owners, through adverse possession, of certain real property along the border of their real property and that of the defendant. Based in large part on a survey dated November 21, 2003 (hereinafter the 2003 survey), Justice Schmidt initially determined that the disputed portion of real property consisted of a triangular-shaped wedge of land, which measured 11 inches on its longest side. Justice Schmidt held, however, that this finding was without prejudice to a further factual determination as to the plaintiffs' adverse possession of a larger triangular area, measuring $26^{1}/_{2}$ inches long, encompassing the 11-inch-long wedge, as depicted in a survey dated October 16, 1990 (hereinafter the 1990 survey).

The parties thereafter consented to have a referee hear and determine the boundaries and dimensions of the property adversely possessed by the plaintiffs. Specifically, the plaintiffs asserted that the side of the wedge that was initially determined by the Supreme Court to be 11 inches in length was as much as $26^{1}/_{2}$ inches in length, as reflected in the 1990 survey. However, the defendant contended that the 2003 survey accurately measured the side as 11 inches in length. Following the hearing, the referee determined that the plaintiffs had no further claim of title by adverse possession beyond the wedge defined by the 11-inch-long triangle, as indicated in the 2003 survey. We reverse.

The proof adduced at the hearing established that the 1990 survey accurately reflected the correct dimensions of the disputed triangular wedge. The submissions made to Justice Schmidt in connection with the plaintiffs' summary judgment motion, as well as testimony adduced at the hearing before the referee, demonstrated that there was a chain-link fence that existed at the time of the 1990 survey, which has since been removed, and that the position of this fence was critical to any determination of the area of disputed property. The 1990 survey indicated that the fence, at its southernmost point, extended as much as $26^{1}/_{2}$ inches from the original boundary line dividing the parties' properties, as described in their deeds.

Additionally, nonparty witness Anthony Vasquez, the son of the defendant's predecessor in interest, testified that, in the 1980s, he had observed his father paint the brick wall on what became the defendant's property, stopping at the point where it reached the end of the chain-link fence. Moreover, the plaintiffs submitted photographs showing the partially painted wall. Further, nonparty witness Frances Butler, the plaintiffs' neighbor to the east, corroborated Vazquez's testimony as to the painted

section of the wall and the location of the chain-link fence. The evidence submitted by the defendant, including the 2003 survey and the testimony of the surveyor, failed to refute the evidence presented by the plaintiffs. Thus, the referee's determination was not supported by the record, and must be vacated (*see generally Air Stream Corp. v 3300 Lawson Corp.*, 84 AD3d 987, 990 [2011]).

Accordingly, the matter must be remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that the plaintiffs are the owners, by adverse possession, of the subject triangular wedge of real property in accordance with the dimensions and boundaries depicted the 1990 survey. Rivera, J.P., Florio, Dickerson and Lott, JJ., concur.