■ JENELLE A. BIRTHWRIGHT et al., Appellant, v MALVERNE UNION FREE SCHOOL DISTRICT, Respondent. [745 NYS2d 35] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Davis, J.), entered November 2, 2000, which granted the defendant's motion for summary judgment.

Ordered that the order is affirmed, with costs.

The defendant demonstrated its entitlement to judgment in its favor as a matter of law in the first instance by submitting evidence which tended to show, among other things, that the custodians in the school in which the infant plaintiff fell ordinarily mop the floors of the stairways in the late afternoon or evening. The plaintiff's submissions were insufficient to demonstrate an issue of fact as to whether the defendant created, or had actual or constructive notice of, the wet condition which allegedly caused her to fall on a staircase at approximately 7:00 A.M. (*see e.g. Frankie v Glen Cove Hous. Auth.,* 276 AD2d 668; *Spagnola v Trump Taj Mahal,* 261 AD2d 604). Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment. Prudenti, P.J., Santucci, Smith and Schmidt, JJ., concur.

■ ERIC W. BRUENNER et al., Appellants, v GERALDINE F. CLAPP, Respondent. [744 NYS2d 888] —In an action, inter alia, pursuant to RPAPL article 15 to compel the determination of claims to real property, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Lally, J.), entered September 27, 2001, which denied their motion for summary judgment dismissing the defendant's answer and counterclaim.

Ordered that the order is affirmed, with costs.

In response to the plaintiffs' prima facie showing of entitlement to judgment as a matter of law, the defendant demonstrated the existence of material issues of fact in support of her claim of adverse possession (*see Zuckerman v City of New York,* 49 NY2d 557), including whether she "cultivated or improved" the disputed parcel, or if it was "protected by a substantial inclosure" (RPAPL 522), and whether a rational jury could find by clear and convincing evidence that her possession of the parcel was hostile, under a claim of right, actual, open, notorious, exclusive, and continuous for the requisite statutory period (*see Katona v Low,* 226 AD2d 433). Florio, J.P., Smith, Friedmann and H. Miller, JJ., concur.