■ Robert W. Hancock, Appellant, v Estate of Betty J. Hancock et al., Respondents. [791 NYS2d 120]—

In an action, inter alia, pursuant to RPAPL article 15 to determine claims to real property, the plaintiff appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Orange County (Slobod, J.), dated December 2, 2003, as granted the defendants' motion for summary judgment dismiss-

ing the complaint and for summary judgment on their counterclaim for a judgment declaring that title to the subject property vested in the heirs of Betty J. Hancock as tenants in common and denied his cross motion for summary judgment, and (2) stated portions of a judgment of the same court dated December 17, 2003, entered upon the order, which, inter alia, dismissed the complaint.

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho,* 39 NY2d 241 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

Contrary to the plaintiff's contention, the Supreme Court properly granted the defendants' motion and denied his cross motion. The defendants submitted sufficient evidence in admissible form to establish their entitlement to judgment as a matter of law dismissing the plaintiff's cause of action for adverse possession (*see DiStefano v Saatchi,* 308 AD2d 502 [2003]). Specifically, the defendants established that the plaintiff's possession of the subject property was permissive when it commenced, that the plaintiff did not clearly assert his right hostile to the defendants, his cotenants, and that the plaintiff's possession was not exclusive (*see Myers v Bartholomew,* 91 NY2d 630 [1998]; *Gonzalez v Gonzalez,* 236 AD2d 589 [1997]). Further, in response to the defendants' prima facie showing, the plaintiff did not sufficiently demonstrate the existence of a triable issue of fact (*see Zuckerman v City of New York,* 49 NY2d 557 [1980]; *cf. Bruenner v Clapp,* 295 AD2d 549 [2002]).

The plaintiff's remaining contentions are without merit. H. Miller, J.P., Cozier, Ritter and Spolzino, JJ., concur.