LAKESIDE COLONY CONDOMINIUM I et al., Respondents-Appellants, v C.R. WALLAUER & Co., INC., Appellant-Respondent. [830 NYS2d 342]—

In an action, inter alia, for ejectment, to recover damages for trespass to real property, and pursuant to RPAPL article 15 to quiet title to real property, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered November 10, 2005, as denied its cross motion for summary judgment dismissing the complaint, and the plaintiffs cross-appeal from so much of the same order as denied their motion for summary judgment on the complaint and to dismiss the counterclaims.

Ordered that the order is modified, on the law and the facts, by deleting the provision thereof denying that branch of the defendant's cross motion which was for summary judgment dismissing the third cause of action alleging adverse possession, and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiffs' third cause of action, alleging the adverse possession of a portion of a private roadway located on the defendant's property, should have been dismissed as a matter of law, since the May 1986 agreement between the parties' predecessors-in-interest clearly deeded to the plaintiffs, as assignees, an easement over and through that portion of the private roadway that lies on the defendant's property. Thus, the defendant demonstrated that the plaintiffs' use of that portion of the private roadway lying on its property was expressly permissive (*see Kings Park Yacht Club, Inc. v State of New York*, 26 AD3d 357 [2006]; *Hancock v Estate of Hancock*, 15 AD3d 620 [2005]). Accordingly, the Supreme Court should have granted that branch of the defendant's cross motion which was for summary judgment dismissing the third cause of action.

The Supreme Court properly denied the plaintiffs' motion for summary judgment on the complaint and those branches of the defendant's cross motion which were for summary judgment dismissing the remaining causes of action, since issues of fact exist as to whether (1) the private roadway constructed in 1986 was, in fact, the relocation of an easement burdening the defendant's property pursuant to a 1981 agreement between the parties' predecessors-in-interest, (2) the defendant infringed upon the plaintiffs' easement rights over and through the private roadway during the construction of a warehouse on its property, and (3) the defendant improperly narrowed the private roadway at issue (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

The parties' remaining contentions are without merit. Miller, J.P., Spolzino, Florio and Angiolillo, JJ., concur.