■ PHIL KENNELTY-COHEN et al., Appellants, v ERIN MARIE GILLIAM HENRY et al., Respondents. [879 NYS2d 481]—

In an action, inter alia, for a judgment declaring that the plaintiffs acquired title to a strip of land by adverse possession or, alternatively, acquired an easement by prescription over the land, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Palmieri, J.), dated January 15, 2008, as granted that branch of the defendants' cross motion which was for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Nassau County, for the entry of an appropriate declaratory judgment in favor of the defendants.

The plaintiffs allege that they have occupied and used a strip of land owned by the defendants, that is situated between their house and the defendants' house, for 25 years. The strip of land is 3 feet, 6 inches wide, and 50 feet long. A fence was erected by the defendants' predecessor-in-title which allowed access to the strip by both the plaintiffs and the defendants. This action was commenced when the defendants removed the fence and erected a new fence significantly closer to the plaintiffs' house. The plaintiffs claim, inter alia, that they acquired title to the strip by adverse possession or, alternatively, that they acquired an easement by prescription over the strip. The plaintiffs moved to compel the defendants to remove the new fence, and the defendants cross-moved, inter alia, for summary judgment. The Supreme Court denied the plaintiffs' motion and granted that branch of the defendants' cross motion which was for summary judgment.

The defendants established their entitlement to judgment as a matter of law with respect to the cause of action seeking title to the strip by adverse possession by submitting evidence demonstrating that, in accordance with the law in effect at the time this action was commenced (see RPAPL former 522; cf. L 2008, ch 269, § 5), the plaintiffs had not cultivated, improved, or substantially enclosed the land (see Giannone v Trotwood Corp., 266 AD2d 430 [1999]; see also Rowland v Crystal Bay Constr.,

301 AD2d 585 [2003]). The defendants further demonstrated that the plaintiffs did not make exclusive use of the strip (*see Matter of Perry*, 33 AD3d 704 [2006]), that the plaintiffs were not acting under a claim of right (*see Beyer v Patierno*, 29 AD3d 613 [2006]), and that the plaintiffs' use of the strip was not hostile to that of the defendants (*see Hancock v Estate of Hancock*, 15 AD3d 620 [2005]). The defendants also demonstrated that there was no prescriptive easement over the land by submitting evidence that the plaintiffs' use of the strip was not hostile to that of the defendants (*see Morales v Riley*, 28 AD3d 623 [2006]; *see also Susquehanna Realty Corp. v Barth*, 108 AD2d 909 [1985]). The plaintiffs failed to raise a triable issue of fact in opposition to the defendants' prima facie showing. Accordingly, the Supreme Court properly granted that branch of the defendants' cross motion which was for summary judgment.

Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, declaring that the plaintiffs do not own the strip by adverse possession and did not acquire an easement by prescription over the strip (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Mastro, J.P., Skelos, Santucci and Hall, JJ., concur. [*See* 2008 NY Slip Op 30163(U).]