JAMES W. RYAN, JR., et al., Appellants-Respondents, v BARBARA POSNER, Respondent-Appellant. [892 NYS2d 439]—

Contrary to the plaintiffs' contention, the Supreme Court properly granted that branch of the defendant's cross motion which was for summary judgment on her first counterclaim declaring that an express easement across her property for "egress and ingress" does not grant the plaintiffs the right to enter and cross her property via a specific, disputed path. The defendant established her prima facie entitlement to judgment as a matter of law by submitting extrinsic evidence tending to show the intent of the parties to the original conveyance (*see Loch Sheldrake Assoc. v Evans*, 306 NY 297 [1954]; *Miller v Edmore Homes Corp.*, 285 App Div 837 [1955], *affd* 309 NY 839 [1955]; Real Property Law § 240 [3]) and, in opposition, the plaintiffs failed to raise a triable issue of fact.

Likewise, the Supreme Court properly determined that no prescriptive easement across the path was created. Even if each of the plaintiffs established that his or her use of the path was

open, notorious, and continuous, the defendant submitted evidence demonstrating that the plaintiffs' use of the purported easement was not hostile, but was instead permitted as a matter of neighborly accommodation (*see Allen v Mastrianni*, 2 AD3d 1023 [2003]; *Reiss v Maynard*, 148 AD2d 996 [1989]). Thus, the burden shifted to the plaintiffs to come forward with evidence of hostile use in order to raise a triable issue of fact as to whether a prescriptive easement across the path was created (*see 315 Main St. Poughkeepsie, LLC v WA 319 Main, LLC*, 62 AD3d 690 [2009]; *Rivermere Apts. v Stoneleigh Parkway*, 275 AD2d 701 [2000]). The plaintiffs failed to carry their burden in this regard (*see 315 Main St. Poughkeepsie, LLC v WA 319 Main, LLC*, 62 AD3d at 691; *Kennelty-Cohen v Henry*, 62 AD3d 664 [2009]; *Susquehanna Realty Corp. v Barth*, 108 AD2d 909 [1985]).

In opposition to the plaintiffs' prima facie showing that they had and still have an easement across the defendant's property providing them with a right of access to a spring located on one of the defendant's parcels of real property, the evidence submitted by the defendant, by which she attempted to show that the plaintiffs abandoned that easement, was insufficient to raise a triable issue of fact. Thus, the Supreme Court not only properly denied summary judgment to the defendant on her fourth counterclaim declaring that this easement was extinguished (*see Bodin v Kinne*, 128 AD2d 931 [1987]; *Filby v Brooks*, 105 AD2d 826 [1984], *affd* 66 NY2d 640 [1985]), but also properly granted that branch of the plaintiffs' motion which was for summary judgment declaring that they had and still have that easement.

Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Westchester County, among other things, for the entry of a judgment, inter alia, declaring that the plaintiffs do not have either an express or prescriptive easement across the disputed path on the defendant's property, that the plaintiffs had and still have an easement across the defendant's property providing them with a right of access to a spring located on one of the defendant's parcels of real property, and that this easement has not been extinguished (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Skelos, J.P., Eng, Leventhal and Chambers, JJ., concur.