■ ESTATE OF ROBERT E. BECKER et al., Respondents, v OWEN J. MURTAGH et al., Appellants. [905 NYS2d 267]—

In an action, inter alia, for a judgment declaring that the plaintiff Estate of Robert E. Becker acquired title to a certain strip of land and dock by adverse possession and that the plaintiffs Christopher K. O'Hara, Edward J. O'Hara, and Douglas C. Koelsch acquired an easement by prescription over that same strip of land and dock as well as over a certain area of beachfront property, the defendants appeal from (1) an order of the Supreme Court, Suffolk County (Pastoressa, J.), dated July 7, 2009, which (a) denied their motion for summary judgment, in effect, declaring that the plaintiffs had no rights in the disputed property and that the easements recorded by Robert E. Becker with the Suffolk County Clerk on May 19, 2005, were invalid and void; in effect, to compel the plaintiff Estate of Robert E. Becker to remove a certain dock and boardwalk from their property; and, in effect, to dismiss the complaint pursuant to CPLR 3126, and (b) granted the plaintiffs' cross motion for summary judgment declaring that the plaintiff Estate of Robert E. Becker established title by adverse possession to the disputed strip of land and dock and that the plaintiffs Christopher K. O'Hara, Edward J. O'Hara, and Douglas C. Koelsch established an easement by prescription over the disputed strip of land, dock, and area of beachfront property, and to direct them to restore the boardwalk and dock in the disputed area to their condition at the time of a preliminary injunction issued by the Supreme Court on January 4, 2006, and (2) a judgment of the same court dated September 14, 2009, which, upon the order, declared that the plaintiff Estate of Robert E. Becker established

title by adverse possession to the disputed strip of land and dock, declared that the plaintiffs Douglas C. Koelsch, Christopher K. O'Hara, and Edward J. O'Hara established an easement by prescription over the disputed strip of land, dock, and area of beachfront property, declared that the easements recorded by Robert E. Becker with the Suffolk County Clerk on May 19, 2005, are valid and binding, directed them to remove all obstructions on the subject boardwalk and to restore the boardwalk and dock to their condition at the time of the preliminary injunction issued on January 4, 2006, and failed to, in effect, compel the plaintiff Estate of Robert E. Becker to remove the subject dock and boardwalk from their property. The notice of appeal from the order dated July 7, 2009, is deemed also to be a notice of appeal from the judgment (*see* CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the defendants' motion for summary judgment, in effect, declaring that the plaintiffs have no rights in the disputed property and that the easements recorded by Robert E. Becker with the Suffolk County Clerk on May 19, 2005, were invalid and void, and, in effect, to compel the plaintiff Estate of Robert E. Becker to remove a certain dock and boardwalk from the defendants' property is granted, and the plaintiffs' cross motion for summary judgment declaring that the plaintiff Estate of Robert E. Becker established title by adverse possession to the disputed strip of land and dock and that the plaintiffs Christopher K. O'Hara, Edward J. O'Hara, and Douglas C. Koelsch established an easement by prescription over the disputed strip of land, dock, beachfront property, and to direct the defendants to restore the boardwalk and dock in the disputed area to their condition at the time of a preliminary injunction issued by the Supreme Court on January 4, 2006, is denied, the order dated July 7, 2009, is modified accordingly, and it is declared that the plaintiffs have no rights in the disputed property and that the easements recorded by Robert E. Becker with the Suffolk County Clerk on May 19, 2005, are invalid and void; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

This appeal involves a dispute over the ownership and use of a boardwalk, dock, and beach located on Oak Beach, Suffolk County. The plaintiff Estate of Robert E. Becker (hereinafter the Becker Estate) is the lessee of a beachfront lot designated as lot 29 on Oak Beach. The defendants are the lessees of a beachfront lot designated as lot 30 on Oak Beach, adjacent to lot 29. The plaintiff Douglas C. Koelsch is the occupant of a lot designated as lot 15, located directly north of lot 29. Lot 15 is not located on the beachfront. The plaintiffs Christopher O'Hara and Edward O'Hara (hereinafter together the O'Haras) are the occupants of a lot designated as lot 14, located directly north of lot 30. Lot 14 is not located on the beachfront. The homes on all of the lots involved are privately owned, but the lots are owned by the Town of Babylon, which leases the real property to the occupants pursuant to long-term leases.

In approximately 1965, Robert E. Becker (now deceased) constructed a boardwalk and dock between lot 29 (hereinafter the Becker lot) and lot 30. Robert E. Becker, in an affidavit, stated that, at the time of the construction of the boardwalk and dock, he believed that those structures were located on the Becker lot. The evidence shows that, beginning in 1965, Becker permitted several neighbors to freely use the boardwalk and dock, including Koelsch, the O'Haras, and their respective predecessors. The evidence, including the affidavits and deposition testimony of two of the plaintiffs, also shows that the defendants' predecessors, Alan Gordon and Nancie Gordon, freely used the dock and boardwalk after those facilities were built. The record also shows that since the early 1960s, Nancie Gordon permitted several neighbors, including the plaintiffs' predecessors, to use the beach on lot 30. Those persons used the boardwalk between lots 29 and 30 to access the beach on lot 30.

A 1984 survey showed that part of the boardwalk, and the entire dock, were located on lot 30. After that time, Nancie Gordon continued to permit the plaintiffs to use the boardwalk and dock, as well as the beach on lot 30.

In 2004, Nancie Gordon sold her house on lot 30 to the defendants, and assigned her leasehold interest in that property to the defendants. The defendants declined to continue to allow the plaintiffs to use the boardwalk, dock, and the beach on lot 30, and this action ensued. The Becker Estate sought, inter alia, a judgment declaring that it had established title by adverse possession to the property on which the boardwalk and dock was located. Koelsch and the O'Haras, sought, inter alia, a judgment declaring that they had acquired a prescriptive easement for the use of the boardwalk, dock, and beach.

On January 4, 2006, the Supreme Court preliminarily enjoined the defendants from interfering with the plaintiffs' use of the subject boardwalk, dock, and beach. On May 19, 2006, Robert E. Becker recorded two easements with the Suffolk County Clerk by which he purported to grant to Koelsch and the O'Haras the right to use the boardwalk and dock in order to access the beach on lot 30.

After several prior motions and a prolonged discovery dispute, in March 2009, the defendants moved, inter alia, for summary judgment, in effect, declaring that the plaintiffs had no interest in the property and that the recorded easements were invalid, and, in effect, to compel the Becker Estate to remove the dock and boardwalk from their property. The plaintiffs cross-moved for summary judgment, inter alia, declaring that the recorded easements were valid and declaring their respective rights to the property. The Supreme Court erred in finding that the evidence established that the Becker Estate acquired title to the disputed part of the boardwalk and to the dock by adverse possession.

"The mere possession of land without any claim of right, no matter how long it may be continued, gives no title" (*Gerlach v Russo Realty Corp.*, 264 AD2d 756, 757 [1999] [internal quotation marks omitted]). The evidence submitted to the Supreme Court, including the deposition testimony and affidavits of two of the plaintiffs, established that the defendants and their predecessors freely used the boardwalk and dock during the period of time in which the Becker Estate asserts its adverse possession claim ripened into title. That evidence established, prima facie, that the use of the property by Robert E. Becker during the relevant time period was neither hostile nor exclusive (*see Kennelty-Cohen v Henry*, 62 AD3d 664 [2009]; *H.S. Farrell, Inc. v Formica Constr. Co., Inc.*, 41 AD3d 652 [2007]; *Hancock v Estate of Hancock*, 15 AD3d 620 [2005]). In opposition, the Becker Estate failed to raise a triable issue of fact as to whether the possession by Robert E. Becker was hostile or exclusive (*see Kennelty-Cohen v Henry*, 62 AD3d at 665; *Hancock v Estate of Hancock*, 15 AD3d at 621). Therefore, the evidence established, prima facie, that the Becker Estate did not acquire title to the subject property by adverse possession (*see Kennelty-Cohen v Henry*, 62 AD3d at 665; *Hancock v Estate of Hancock*, 15 AD3d at 621).

Furthermore, contrary to the plaintiffs' contention, they failed to establish, prima facie, that the doctrine of "practical location" of a boundary line was applicable, as there was no proof of a clear demarcation of a definite believed boundary line (*see Mc-*

*Mahon v Thornton*, 69 AD3d 1157, 1160 [2010]; *Nickerson v Genuine Hardwoods*, 4 AD3d 842, 843 [2004]; *Riggs v Benning*, 290 AD2d 716, 717-718 [2002]; *Hadix v Schmelzer*, 186 AD2d 239 [1992]).

Therefore, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment, in effect, declaring that the Becker Estate had no rights to the property. In addition, as the Becker Estate had no rights in the property at the time that Robert E. Becker purported to grant easements to the other plaintiffs, the Supreme Court should have granted that branch of the defendants' motion which was for a judgment declaring that those recorded easements were invalid and void.

Likewise, the Supreme Court should have granted that branch of the defendants' motion which was, in effect, to direct the Becker Estate to remove the dock and the part of the boardwalk that encroaches on their property (*see* RPAPL 501; *509 Sixth Ave. Corp. v New York City Tr. Auth.*, 15 NY2d 48, 52 [1964]; *see also Bloomingdales, Inc. v New York City Tr. Auth.*, 13 NY3d 61, 65 [2009]; *O'Connell v Graves*, 70 AD3d 1451, 1452-1453 [2010]).

The Supreme Court also erred in finding that Koelsch and the O'Haras acquired a prescriptive easement over the subject boardwalk and dock and to use a beach located on the lot occupied by the defendants. The evidence submitted in support of the defendants' motion, including the deposition testimony and affidavits of two of the plaintiffs, shows that Nancie Gordon, the defendants' predecessor, permitted Koelsch and the O'Haras, and their predecessors, to use those facilities as a matter of neighborly accommodation. That evidence established, prima facie, that the plaintiffs' use of the property was not hostile to the defendants' interest (*see Ryan v Posner*, 68 AD3d 963, 964-965 [2009]; *315 Main St. Poughkeepsie, LLC v WA 319 Main, LLC*, 62 AD3d 690, 691 [2009]; *Duckworth v Ning Fun Chiu*, 33 AD3d 583 [2006]; *see also McNeill v Shutts*, 258 AD2d 695, 697 [1999]). In opposition to that prima facie showing, Koelsch and the O'Haras failed to raise a triable issue of fact (*see Ryan v Posner*, 68 AD3d at 965; *315 Main St. Poughkeepsie, LLC v WA 319 Main, LLC*, 62 AD3d at 691). Therefore, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment, in effect, declaring that Koelsch and the O'Haras have no rights to the subject property or facilities. In addition, the Supreme Court should have denied that branch of the plaintiffs' motion which was to direct the defendants to restore the subject boardwalk and dock to their

condition at the time of the preliminary injunction, as the evidence established that the plaintiffs have no rights to the underlying property.

In light of our determination, the issues raised with respect to that branch of the defendants' motion which was, in effect, to dismiss the complaint pursuant to CPLR 3126 have been rendered academic. Skelos, J.P., Santucci, Dickerson and Leventhal, JJ., concur.