◼ THEODORE G. KLUMPP, JR., Respondent, v HELEN FREUND et al., Appellants-Respondents, and BRIAN CAHN et al., Respondents-Appellants. [921 NYS2d 121]—

In an action pursuant to RPAPL article 15 to compel the determination of claims to real property and for injunctive relief, the defendants Helen Freund and Theodore Freund appeal, as limited by their brief, from (1) stated portions of an order of the Supreme Court, Suffolk County (Pines, J.), dated October 19, 2009, and (2) stated portions of an order and judgment (one paper) of the same court entered January 25, 2010, which, inter alia, (a) granted that branch of the cross motion of the defendants Brian Cahn, Lawrence Lefkowitz, and Donald Hecht, as executors of estate of Milton Cahn which was for summary judgment granting the estate of Milton Cahn an easement by necessity over parcel A, and declared that the estate of Milton Cahn possessed such an easement, (b) denied that branch of their cross motion which was, in effect, for summary judgment declar-

ing that the estate of Milton Cahn did not have an easement over parcel A, and (c) granted that branch of the plaintiff's motion which was for summary judgment granting the plaintiff a prescriptive easement over parcels A and B, and declaring that the plaintiff possessed such an easement, and the defendants Brian Cahn, Lawrence Lefkowitz, and Donald Hecht, as executors of estate of Milton Cahn cross-appeal from (1) stated portions of the order dated October 19, 2009, and (2) stated portions of the order and judgment (one paper) entered January 25, 2010, which, inter alia, (a) granted that branch of the plaintiff's motion which was for summary judgment declaring him to be the owner by adverse possession of parcel C, and declared him to be the owner, (b) in effect, denied that branch of its cross motion which was for summary judgment declaring that the plaintiff had no ownership interest in parcel C, and (c) granted that branch of the plaintiff's motion which was for summary judgment awarding him a prescriptive easement over parcels A and B, and declared that the plaintiff possessed such an easement.

Ordered that the appeal and cross appeal from the order dated October 19, 2009, are dismissed; and it is further,

Ordered that the order and judgment entered January 25, 2010, is modified, on the law, by (1) deleting the provisions thereof granting that branch of the plaintiff's motion which was for summary judgment declaring him to be the owner by adverse possession of parcel C, and declaring him to be the owner, and substituting therefor a provision denying that branch of the plaintiff's motion, (2) deleting the provisions thereof, in effect, denying that branch of the cross motion of the defendants Brian Cahn, Lawrence Lefkowitz, and Donald Hecht, as executors of estate of Milton Cahn which was for summary judgment declaring that the plaintiff had no ownership interest in parcel C, and substituting therefor provisions granting that branch of the cross motion and declaring that the plaintiff has no ownership interest in parcel C, (3) deleting the provisions thereof granting that branch of the cross motion of the defendants Brian Cahn, Lawrence Lefkowitz, and Donald Hecht, as executors of estate of Milton Cahn which was for summary judgment granting it an easement by necessity over parcel A, and declaring that the estate of Milton Cahn possessed such an easement, and substituting therefor a provision denying that branch of the cross motion, (4) deleting the provision thereof, in effect, denying that branch of the cross motion of the defendants Helen Freund and Theodore Freund which was, in effect, for summary judgment declaring that the estate of Milton Cahn did not pos-

sess an easement over parcel A, and substituting therefor provisions granting that branch of the cross motion, and declaring that the estate of Milton Cahn does not possess such an easement, and (5) deleting the final decretal paragraph awarding costs to the plaintiff; as so modified, the order and judgment entered January 25, 2010, is affirmed insofar as appealed and cross-appealed from, the order dated October 19, 2009, is modified accordingly, and the matter is remitted to the Supreme Court, Suffolk County for the entry of an appropriate amended judgment; and it is further,

Ordered that one bill of costs is awarded to the defendants appearing separately and filing separate briefs, payable by the plaintiff.

The appeal and cross appeal from the intermediate order dated October 19, 2009, must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment entered January 25, 2010, in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal and cross appeal from the order dated October 19, 2009, are brought up for review and have been considered on the appeal from the order and judgment entered January 25, 2010 (*see* CPLR 5501 [a] [1]).

Under the law as it existed at the time this action was commenced, the plaintiff, whose claim of adverse possession was not based upon a written document, was required to demonstrate that he " 'usually cultivated, improved, or substantially enclosed' " parcel C, the real property he claims to have acquired by adverse possession (*Asher v Borenstein*, 76 AD3d 984, 986 [2010], quoting *Walsh v Ellis*, 64 AD3d 702, 703 [2009]; *see* RPAPL former 522). Moreover, the plaintiff had to establish that his possession of parcel C was " '(1) hostile and under claim of right; (2) actual; (3) open and notorious; (4) exclusive; and (5) continuous for the required period' " (*Asher v Borenstein*, 76 AD3d at 986, quoting *Walling v Przybylo*, 7 NY3d 228, 232 [2006]; *see Walsh v Ellis*, 64 AD3d 702 [2009]). Here, the plaintiff failed to establish, prima facie, that his use of parcel C was open, exclusive, and continuous for the duration of the statutory period (*see Estate of Becker v Murtagh*, 75 AD3d 575 [2010], *lv granted* 16 NY3d 707 [2011]; *Kennelty-Cohen v Henry*, 62 AD3d 664 [2009]; *Litwin v Town of Huntington*, 208 AD2d 905 [1994]; *Pegalis v Anderson*, 111 AD2d 796 [1985]). The plaintiff also failed to establish, prima facie, that he "usually cultivated, improved, or substantially enclosed the land" (*Walsh v Ellis*, 64 AD3d at 703; *compare Merget v Westbury Props., LLC*, 65 AD3d 1102 [2009]). Accordingly, the Supreme Court

erred in granting that branch of the plaintiff's motion which was for summary judgment declaring him to be the owner by adverse possession of parcel C.

Furthermore, on its cross motion, the estate of Milton Cahn (hereinafter the Estate) established, prima facie, that the plaintiff acquired no ownership interest in parcel C by adverse possession (*see Estate of Becker v Murtagh*, 75 AD3d 575 [2010]; *Almeida v Wells*, 74 AD3d 1256 [2010]). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court erred by, in effect, denying that branch of the Estate's cross motion which was for summary judgment declaring that the plaintiff had no ownership interest in parcel C.

The Supreme Court properly determined that the plaintiff established, prima facie, his entitlement to a prescriptive easement over parcels A and B, which he regularly used to access his garage (*see Walsh v Ellis*, 64 AD3d at 705; *Rozenberg v Bacigalupo*, 18 AD3d 854 [2005]; *Borruso v Morreale*, 129 AD2d 604 [1987]; *see also Di Leo v Pecksto Holding Corp.*, 304 NY 505 [1952]). In opposition, the defendants failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment granting him a prescriptive easement over parcels A and B.

In light of our determination that the plaintiff did not acquire an ownership interest in parcel C, the Estate is not entitled to an easement by necessity over parcel A to gain access to a public road. Parcel C, which the Estate retains, affords the Estate access to the public road. Accordingly, an easement over parcel A is not absolutely necessary (*see Turner v Baisley*, 197 AD2d 681 [1993]; *Van Schaack v Torsoe*, 161 AD2d 701 [1990]; *see generally Michalski v Decker*, 16 AD3d 469 [2005]). Thus, the Supreme Court erred in granting that branch of the Estate's cross motion which was for summary judgment granting it an easement by necessity over parcel A, and, in effect, denying that branch of the cross motion of the defendants Helen Freund and Theodore Freund which was, in effect, for summary judgment declaring that the Estate did not have an easement over parcel A.

In light of our determination, we need not reach the defendants' remaining contentions. Skelos, J.P., Dickerson, Austin and Cohen, JJ., concur. **[Prior Case History: 2009 NY Slip Op 32440(U).]**