Bolognese v Bantis (2023 NY Slip Op 01771)

Bolognese v Bantis

2023 NY Slip Op 01771

Decided on April 5, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
JANICE A. TAYLOR, JJ.

2019-14154
 (Index No. 512070/17)

[*1]Richard Bolognese, et al., appellants-respondents,
v
Kalliope Bantis, et al., respondents-appellants.

Abrams, Gorelick, Friedman & Jacobson, LLP, New York, NY (Steven DiSiervi of counsel), for appellants-respondents.
London Fischer LLP, New York, NY (James Walsh of counsel), for respondents-appellants.

DECISION & ORDER
In an action, inter alia, for a judgment declaring that the plaintiffs have an easement over certain property owned by the defendants, the plaintiffs appeal, and the defendants cross-appeal, from an order of the Supreme Court, Kings County (Debra Silber, J.), dated November 26, 2019. The order, insofar as appealed from, denied those branches of the plaintiffs' motion which were for summary judgment declaring that they had a prescriptive easement over a driveway on the defendants' property and that they were the owners of a certain other portion of the defendants' property by adverse possession, granted the defendants' motion for summary judgment on their counterclaim to compel the plaintiffs to remove a fence from the defendants' property, granted those branches of the defendants' cross-motion which were, in effect, for summary judgment declaring that the plaintiffs did not have a prescriptive easement over the driveway on the defendants' property and were not the owners of the certain other portion of the defendants' property by adverse possession, and, sua sponte, modified an order of the same court dated May 5, 2018, granting a preliminary injunction, so as to prohibit all parties from parking on or otherwise obstructing certain portions of their properties. The order, insofar as cross-appealed from, denied that branch of the defendants' cross-motion which was, in effect, for summary judgment declaring that the plaintiffs did not have an easement by necessity over the driveway on the defendants' property.
ORDERED that the appeal from so much of the order dated November 26, 2019, as, sua sponte, modified the order dated May 5, 2018, granting a preliminary injunction, so as to prohibit all parties from parking on or otherwise obstructing certain portions of their properties is dismissed, as no appeal lies as of right from a portion of an order that does not decide a motion made on notice (see CPLR 5701[a]), and leave to appeal has not been granted; and it is further,
ORDERED that the order dated November 26, 2019, is affirmed insofar as reviewed on the appeal; and it is further,
ORDERED that the order dated November 26, 2019, is reversed insofar as cross-appealed from, on the law, and that branch of the defendants' cross-motion which was, in effect, for summary judgment declaring that the plaintiffs did not have an easement by necessity over the driveway on the defendants' property is granted; and it is further,
ORDERED that the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that the plaintiffs do not have a prescriptive easement or an easement by necessity over the driveway on the defendants' property and are not the owners of the certain other portion of the defendants' property by adverse possession; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
The plaintiffs and the defendants own adjoining parcels of property in Kings County which each contain a residence and a separate detached garage in the rear. The plaintiffs acquired their property in 1991 and the defendants acquired their property in 1996. There is a 17-foot-wide driveway between the houses. The boundary between the two properties runs through and along the entire length of the driveway, such that seven feet of the driveway's width is on the plaintiffs' property, while the remaining 10 feet of width is on the defendants' property. The deeds and title documents for the subject properties contain no written easements or other rights-of-way. Nevertheless, the plaintiffs regularly drove their vehicles over part of the defendants' portion of the driveway in order to enter and leave their garage. The plaintiffs also regularly parked some of their seven vehicles on their side of the driveway.
In addition, shortly after the plaintiffs acquired their property, they installed a retractable, rolling fence in a narrow space between the garages. A property survey taken in 2017 showed that the fence encroached approximately five inches onto the defendants' property (hereinafter the five-inch strip).
Subsequently, the parties had a dispute over the use of the driveway and on June 20, 2017, the plaintiffs commenced the instant action, inter alia, for a judgment declaring that they had a prescriptive easement, or an easement by necessity, over the driveway on the defendants' property for ingress/egress in and out of their garage and to maneuver their vehicles. The defendants answered and asserted, inter alia, a counterclaim to compel the plaintiffs to remove the fence on the five-inch strip. In an answer to the counterclaim filed August 11, 2017, the plaintiffs asserted that they owned the five-inch strip by adverse possession.
After discovery was completed, the defendants moved for summary judgment on their counterclaim to compel the plaintiffs to remove the fence. The plaintiffs moved, among other things, for summary judgment declaring that they had a prescriptive easement over the driveway on the defendants' property and that they owned the five-inch strip by adverse possession. Thereafter, the defendants cross-moved, in effect, for summary judgment declaring that the plaintiffs did not have a prescriptive easement or easement by necessity over the defendants' driveway and were not the owners of the five-inch strip by adverse possession.
By order dated November 26, 2019, the Supreme Court, inter alia, denied those branches of the plaintiffs' motion which were for summary judgment declaring that they had a prescriptive easement over the driveway on the defendants' property and that they owned the five-inch strip by adverse possession, granted the defendants' motion for summary judgment on their counterclaim to compel the plaintiffs to remove the fence, granted those branches of the defendants' cross-motion which were, in effect, for summary judgment declaring that the plaintiffs did not have a prescriptive easement over the driveway on the defendants' property and were not the owners of the five-inch strip by adverse possession, and denied that branch of the defendants' cross-motion which was, in effect, for summary judgment declaring that the plaintiffs did not have an easement by necessity over the driveway on the defendants' property. The plaintiffs appeal, and the defendants cross-appeal.
The Supreme Court properly determined that, as a matter of law, the plaintiffs were not the owners of the five-inch strip by adverse possession. Under the law as it existed prior to the 2008 amendments to the adverse possession statutes contained in RPAPL article 5, which prior law is applicable here, "in order to establish a claim to property by adverse possession, a claimant must prove, by clear and convincing evidence, that possession of the property was (1) hostile and under a claim of right, (2) actual, (3) open and notorious, (4) exclusive, and (5) continuous for the required [*2]period" (SLC Coram, LLC v 543 Middle Country Rd. Realty, LLC, 161 AD3d 1122, 1123). Additionally, where, as here, the adverse possession is not founded upon a written instrument, the possessor must also establish, in accordance with the law in effect at the relevant time, "that the disputed property was either 'usually cultivated or improved' or 'protected by a substantial inclosure'" (Skyview Motel, LLC v Wald, 82 AD3d 1081, 1082, quoting RPAPL former 522; see Pritsiolas v Apple Bankcorp, Inc., 120 AD3d 647, 649-650).
Here, the evidence demonstrated that, as a matter of law, the fence installed on the five-inch strip did not constitute a substantial enclosure (see Giannone v Trotwood Corp., 266 AD2d 430, 431), and that the five-inch strip was not usually cultivated or improved (see e.g. Skyview Motel, LLC v Wald, 82 AD3d at 1082; Almeida v Wells, 74 AD3d 1256, 1258; Walsh v Ellis, 64 AD3d 702, 704-705). Accordingly, the Supreme Court properly granted that branch of the defendants' cross-motion which was, in effect, for summary judgment declaring that the plaintiffs were not the owners of the five-inch strip by adverse possession, denied that branch of the plaintiffs' motion which was for summary judgment making the opposite declaration, and granted the defendants' motion for summary judgment on their counterclaim to compel the plaintiffs to remove the fence from the five-inch strip.
Further, the Supreme Court properly determined that, as a matter of law, the plaintiffs did not have a prescriptive easement over the driveway on the defendants' property. "An easement by prescription may be demonstrated by clear and convincing proof of the adverse, open and notorious, continuous, and uninterrupted use of the subject property for the prescriptive period, which is 10 years. The right acquired by prescription is commensurate with the right enjoyed" (Patel v Garden Homes Mgt. Corp., 156 AD3d 807, 809 [internal citations and quotation marks omitted]). Although the element of hostile or adverse use may be presumed when the other elements are sufficiently established (see Carty v Goodwin, 150 AD3d 812, 812), hostility will be found lacking where use of the disputed property was "permitted as a matter of [willing accord and] neighborly accommodation" (Ryan v Posner, 68 AD3d 963, 965; see Duckworth v Ning Fun Chiu, 33 AD3d 583, 584; Frumkin v Chemtop, 251 AD2d 449, 449). Moreover, "'[w]here permission can be implied from the beginning, no adverse use may arise until [there is an] assertion of a hostile right'" which is made known to the property owner (Isnady v Walden Preserv., L.P., 208 AD3d 568, 570, quoting Susquehanna Realty Corp. v Barth, 108 AD2d 909, 910; see Hassinger v Kline, 91 AD2d 988, 989).
Even if the plaintiffs established that their use of the driveway on the defendants' property was open and notorious, and continuous, the defendants demonstrated that they permitted such use because, as the defendant Spiro Bantis testified at a deposition, they preferred to be "good, accommodating neighbors." This testimony was corroborated by the deposition testimony of the plaintiffs and their son. Thus, the burden shifted to the plaintiffs to come forward with evidence of hostile use in order to raise a triable issue of fact as to whether a prescriptive easement across the driveway was created (see Ryan v Posner, 68 AD3d at 965; 315 Main St. Poughkeepsie, LLC v WA 319 Main, LLC, 62 AD3d 690, 691). The plaintiffs failed to carry their burden in this regard (see 315 Main St. Poughkeepsie, LLC v WA 319 Main, LLC, 62 AD3d at 691; Kennelty-Cohen v Henry, 62 AD3d 664, 665). Although the plaintiffs describe some minor disputes over the years, this does not negate the relatively uneventful history between the parties during the 21 years preceding the May 2017 incident, including the plaintiffs' own deposition testimony acknowledging that the parties' relations were generally "neighborly." Accordingly, the Supreme Court properly denied that branch of the plaintiffs' motion which was for summary judgment declaring that they had a prescriptive easement over the driveway on the defendants' property and granted that branch of the defendants' cross-motion which was, in effect, for summary judgment declaring that the plaintiffs did not have a prescriptive easement over driveway on the defendants' property.
However, the Supreme Court should have also granted that branch of the defendants' cross-motion which was, in effect, for summary judgment declaring that the plaintiffs did not have an easement by necessity over the driveway on the defendants' property. "The party asserting an easement by necessity bears the burden of establishing by clear and convincing evidence that there was a unity and subsequent separation of title, . . . and that at the time of severance an easement over [*3][the servient estate's] property was absolutely necessary. Significantly, the necessity must exist in fact and not as a mere convenience and must be indispensable to the reasonable use for the adjacent property" (Simone v Heidelberg, 9 NY3d 177, 182 [internal quotation marks and citations omitted]; see also Kuzmicki v Bentley Yacht Club, 193 AD3d 710, 712). The court determined that the defendants did not meet their prima facie burden because, in the court's view, the record reflects that the plaintiffs could not drive their vehicles into and out of their garage without traversing the defendants' property. Notwithstanding that this represented only the plaintiffs' version, which was disputed by the defendants and several nonparty neighbors who submitted affidavits to that effect, the defendants are correct that the court erroneously focused on the claimed necessity as it is alleged to exist now. To the contrary, the relevant inquiry is whether the necessity existed at the time of severance (see Simone v Heidelberg, 9 NY3d at 182). The record shows that the parties' respective properties were created from one parcel of land in 1925 and 1926. Hence, the plaintiffs' testimony as to their driving habits from when they first acquired the property in 1991 is irrelevant. In any event, in contrast to situations where severance of title renders a claimant's property landlocked, courts have repeatedly rejected claims to an easement by necessity over a driveway where the "sole claimed 'necessity' for the easement is the 'need' to access off-street parking," as "[t]hat purported need is nothing more than a mere convenience" (id., citing Stock v Ostrander, 233 AD2d 816, 818; see e.g. Curanovic v Cordone, 134 AD3d 978, 980; Asche v Land & Bldg. Known as 64-29 232nd St., 12 AD3d 386, 387; see also Bonadio v Bonadio, 200 AD3d 747, 749-750 [same with respect to the lesser "reasonably necessary" standard required for an implied easement]). Accordingly, the court should have granted that branch of the defendants' cross-motion which was, in effect, for summary judgment declaring that the plaintiffs did not have an easement by necessity over the driveway on their property.
The plaintiffs' remaining contentions are either without merit or improperly raised for the first time on appeal.
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that the plaintiffs do not have a prescriptive easement or an easement by necessity over the driveway on the defendants' property, and that they did not own the five-inch strip by adverse possession (see Lanza v Wagner, 11 NY2d 317, 334).
IANNACCI, J.P., CHAMBERS, MALTESE and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court