Boerum Johnson, LLC v Marte (2023 NY Slip Op 04957)

Boerum Johnson, LLC v Marte

2023 NY Slip Op 04957

Decided on October 4, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 4, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
PAUL WOOTEN
JANICE A. TAYLOR, JJ.

2020-09232 
2021-01103
 (Index No. 516295/19)

[*1]Boerum Johnson, LLC, respondent,
v
Emenegilda Marte, et al., appellants, et al., defendants.

The Sharova Law Firm, Brooklyn, NY (Charles W. Marino of counsel), for appellants.
Borchert & LaSpina, P.C., Whitestone, NY (Robert W. Frommer of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, pursuant to RPAPL article 15 to quiet title and for related declaratory relief, the defendants Emenegilda Marte, Gilbert Marte, Jr., and G & S Auto Repair Corp. appeal from (1) an order and judgment (one paper) of the Supreme Court, Kings County (Dawn M. Jimenez-Salta, J.), dated October 29, 2020, and (2) an order of the same court dated January 7, 2021. The order and judgment, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the first cause of action, to quiet title, and the fourth cause of action, for a judgment declaring that an easement was extinguished by abandonment, denied the cross-motion of the defendants Emenegilda Marte, Gilbert Marte, Jr., and G & S Auto Repair Corp. for summary judgment dismissing the complaint insofar as asserted against them and, in effect, declaring that the defendant Emenegilda Marte has an easement over the plaintiff's property, and is in favor of the plaintiff and against the defendants Emenegilda Marte, Gilbert Marte, Jr., and G & S Auto Repair Corp. declaring that the defendant Emenegilda Marte has no interest in the plaintiff's property. The order denied the motion of the defendants Emenegilda Marte, Gilbert Marte, Jr., and G & S Auto Repair Corp. for leave to renew and reargue their opposition to those branches of the plaintiff's motion which were for summary judgment on the first and fourth causes of action and their cross-motion for summary judgement dismissing the complaint insofar as asserted against them and, in effect, declaring that the defendant Emenegilda Marte has an easement over the plaintiff's property.
ORDERED that the order and judgment is affirmed insofar as appealed from; and it is further,
ORDERED that the appeal from so much of the order as denied that branch of the motion of the defendants Emenegilda Marte, Gilbert Marte, Jr., and G & S Auto Repair Corp. which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In 1949, certain real property situated in Brooklyn (hereinafter the Marte property) was converted to an automobile repair shop. A new certificate of occupancy was issued based upon a letter of approval by the New York City Fire Department dated March 15, 1949. The new facility included a rear door, leading to an easement of record over the adjoining real property (hereinafter the Boerum property) for ingress and egress.
On February 17, 1987, the Marte property was conveyed to Emenegilda Marte. Shortly thereafter, the owner of the Boerum property erected a brick wall, topped by a metal fence, which blocked the easement. However, the owner of the Boerum property provided access in an area adjacent to the easement through a gate and gave the occupiers of the Marte property a key to that gate. The automobile repair shop was altered by removing a 10-foot-wide door which provided access to the easement and replacing the door with a narrower door which served as a fire exit.
The plaintiff, Boerum Johnson, LLC (hereinafter Boerum), purchased the Boerum property in October 2018. In July 2019, Boerum commenced this action, inter alia, pursuant to RPAPL article 15 to quiet title and for a judgment declaring there was no easement over its property against Emenegilda Marte, Gilbert Marte, Jr., and G & S Auto Repair Corp. (hereinafter collectively the defendants), among others. Boerum moved, inter alia, for summary judgment on the first cause of action, to quiet title, and the fourth cause of action, for a judgment declaring that the easement was extinguished by abandonment, and the defendants cross-moved for summary judgment dismissing the complaint insofar as asserted against them and, in effect, declaring that Emenegilda Marte has an easement over the plaintiff's property. In an order and judgment, the Supreme Court, among other things, granted those branches of the plaintiff's motion and denied the defendants' cross-motion, determining, inter alia, that (1) the easement was extinguished by abandonment and (2) Emenegilda Marte did not have an easement of necessity based upon the fire exit because the Marte property bordered a public street. The defendants subsequently moved for leave to renew and reargue their opposition to those branches of the plaintiff's motion and their cross-motion, and that motion was denied in an order. The defendants appeal.
"In order to prove an abandonment it is necessary to establish both an intention to abandon and also some overt act or failure to act which carries the implication that the owner neither claims nor retains any interest in the easement" (Gerbig v Zumpano, 7 NY2d 327, 331). Here, the evidence of abandonment of the easement included the fact that the easement of record was obstructed with a wall, and thereafter, the rear exit to the facility on the Marte property was altered (see Chapman v Vondorpp, 256 AD2d 297). An easement by prescription was not established over the new route, since the use of the alternative route was used with the permission of the owner of the Boerum parcel, who provided the defendants with a key to the gate (see Ryan v Posner, 68 AD3d 963, 965). Nor did the circumstances give rise to an easement by necessity, since the Marte property had access to a public street, and could modify the facility to provide an additional fire exit, if such a modification is required (see Van Schaack v Torsoe, 161 AD2d 701).
The defendants' remaining contention relating to the order and judgment are without merit. Accordingly, Boerum established its entitlement to judgment as a matter of law, and the defendants failed to raise a triable issue of fact in opposition, and we affirm the order and judgment insofar as appealed from.
Contrary to the conclusion of the Supreme Court, the defendants proffered a reasonable justification for their delay in securing a copy of the letter dated March 15, 1949, from the New York City Fire Department, approving the conversion of the facility on the Marte property to an automobile repair shop. However, the new facts, including this letter, submitted in support of that branch of the defendants' motion which was for leave to renew were not sufficient to change the prior determination (see Flanagan v Delaney, 194 AD3d 694, 696).
The defendants' remaining contentions are without merit.
Accordingly, we affirm the order insofar as reviewed.
DILLON, J.P., MILLER, WOOTEN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court